3/3/26, 10:50 PM                                      Second Circuit Court District-Docket Report

# Mississippi Electronic Courts
# Second Circuit Court District of Mississippi (Harrison Circuit Court - Gulfport)
## CIVIL DOCKET FOR CASE #: 24CI1:26-cv-00028

Petrini v. Ready

Assigned to: Judge Lawrence P. Bourgeois, Jr

**Upcoming Settings:**

None Found

Date Filed: 01/26/2026
Current Days Pending: 36
Total Case Age: 36
Jury Demand: None
Nature of Suit: Fraud (177)

---

**Plaintiff**

**Yuri Petrini**
*also known as*
Yrui Petrini

represented by **Yuri Petrini**
929 Division St
Biloxi, MS 39530
PRO SE

V.

**Defendant**

**Apryl Ready**

| Date Filed | # | Docket Text |
|---|---|---|
| 01/26/2026 | 1 | COMPLAINT against Apryl Ready, filed by Yuri Petrini. (Attachments: # 1 Exhibit, # 2 Civil Cover Sheet,) (Johnston, Haley) (Entered: 01/26/2026) |
| 01/27/2026 | 3 | SUMMONS Issued to Apryl Ready. Original returned to filer for service. (Johnston, Haley) (Entered: 01/27/2026) |
| 03/02/2026 | 4 | AMENDED COMPLAINT against Apryl Ready, filed by Yuri Petrini. (Johnston, Haley) (Entered: 03/02/2026) |
| 03/02/2026 | 5 | SUMMONS Issued to Apryl Ready. Original returned to filer for service. (Johnston, Haley) (Entered: 03/02/2026) |

| MEC Service Center |
|---|
| **Transaction Receipt** |
| 03/03/2026 22:50:15 |
| **You will be charged $0.20 per page to view or print documents.** |

| MEC Login: | th2526M | Client Code: | |
|---|---|---|---|



### IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

YURI PETRINI,
      Plaintiff,

v.

APRYL READY, INDIVIDUALLY,
      Defendant.



Civil Action No. A2401-26-028

FILED
JAN 26 2026
JUSTIN METZL
CIRCUIT CLERK
By _____ D.C.

### COMPLAINT FOR DAMAGES, DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

COMES NOW the Plaintiff, Yuri Petrini, and for his Complaint against Defendant Apryl Ready, individually and in her personal capacity, states and alleges as follows:

## I. INTRODUCTION

1. This is an action against Defendant Apryl Ready, a contract municipal court judge for the City of Biloxi, Mississippi, for ultra vires acts taken in the clear absence of all jurisdiction. Defendant Ready arrogated to herself civil injunctive powers she does not possess. Powers she has never possessed. Powers she cannot possess. Powers the law forbids. Her issuance of civil property orders from a court possessing only criminal jurisdiction caused Plaintiff emotional distress, reputational harm, and damage to his criminal record.

1. Mississippi municipal courts have no civil injunctive jurisdiction. Under Miss. Code Ann. § 21-23-7, municipal courts possess only criminal and ordinance violation jurisdiction, with limited civil jurisdiction solely for domestic abuse protection orders. No statute confers civil property jurisdiction upon the Biloxi Municipal Court. No precedent recognizes such jurisdiction. No constitutional provision authorizes it. The jurisdictional vacuum is absolute.

1

1. Defendant Ready's issuance of civil property orders constitutes the paradigm case of acting in the "clear absence of all jurisdiction," stripping her of judicial immunity under *Bradley v. Fisher*, 80 U.S. 335, 351 (1872) (holding that immunity does not extend to acts taken in the "clear absence of all jurisdiction"), *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (distinguishing between "excess of jurisdiction" and "absence of all jurisdiction"), and *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (confirming immunity is defeated when a judge acts in the clear absence of all jurisdiction). Under Mississippi law, orders issued without subject matter jurisdiction are void ab initio. *In re Estate of Ivy*, 121 So. 3d 226, 243-44 (Miss. Ct. App. 2012); *Clark v. Clark*, 43 So. 3d 496, 502 (Miss. Ct. App. 2010).

1. Plaintiff brings this action for abuse of process, intentional infliction of emotional distress, declaratory judgment, and injunctive relief, seeking compensatory and punitive damages for Defendant Ready's knowing violation of jurisdictional limits.

## II. PARTIES

1. Plaintiff Yuri Petrini is a natural person and resident of Harrison County, Mississippi.

1. Defendant Apryl Ready is a natural person who, at all times relevant hereto, served as a contract municipal court judge for the City of Biloxi, Mississippi. Defendant Ready is sued in her individual and personal capacity only, not in her official capacity. Defendant Ready may be served with process at her usual place of business or residence in Harrison County, Mississippi.

## III. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to Miss. Code Ann. § 9-7-81, granting circuit courts original jurisdiction in all matters not exclusively vested in another court.

1. This Court has personal jurisdiction over Defendant Ready because she resides and conducts business within Harrison County, Mississippi, and the acts giving rise to this action occurred within Harrison County.

1. Venue is proper in this Court pursuant to Miss. Code Ann. § 11-11-3 because Defendant Ready resides in Harrison County and the cause of action arose in Harrison County.

## IV. FACTUAL ALLEGATIONS

### A. The Retaliatory Timeline: Twenty-Four Days from Federal Lawsuit to Criminal Prosecution

1. On June 6, 2025, Plaintiff filed a federal civil rights lawsuit in the United States District Court for the Southern District of Mississippi, styled *Petrini et al. v. City of Biloxi, Mississippi et al.*, Case No. 1:25-cv-00178-LG-RPM (the "Federal Lawsuit").

1. Building Official Jerry Creel later admitted, on the record at the July 25, 2025 arraignment, that Plaintiff "bypassed us and filed a federal lawsuit," evidencing retaliatory motive for subsequent criminal prosecution. The chronology admits of no innocent explanation.

### B. The City Filed Criminal Charges Thirty-Three Days After Plaintiff's Federal Lawsuit

1. On June 30, 2025, the City of Biloxi issued a Stop Work Order against Plaintiff's property at 1606 Beach Boulevard. On July 9, 2025, the City issued a criminal summons against Plaintiff and filed four misdemeanor charges in the Municipal Court of the City of Biloxi, Case No. CC-51719, alleging violations of the International Residential Code: R110.1 (occupancy without certificate), R114.4 (stop work order violation), and R105.1 (permits required). The supporting affidavits were not sworn until July 10, 2025–one day after the summons issued.

3

1. The charges were based on affidavits prepared by Jerry Creel, Building Official for the City of Biloxi, who had a direct personal interest in the outcome due to his involvement in the underlying dispute that formed the basis of the Federal Lawsuit. These affidavits were sworn before Creel's own employee, Brooke Vanover, who works directly under his orders within the Community Development Department. The City of Biloxi appointed Vanover as Deputy Clerk of the Municipal Court by Council resolution on October 22, 2024, for the express purpose of enabling the Community Development Department to prepare sworn criminal charging documents without independent courthouse oversight—a structural mechanism that eliminated every safeguard against false accusations.

**C. On July 25, 2025, Defendant Ready Arrogated Civil Injunctive Powers the Municipal Court Does Not Possess**

1. On July 25, 2025, Plaintiff appeared before Defendant Ready in the Municipal Court of the City of Biloxi for arraignment on the criminal charges in Case No. CC-51719.

1. During the criminal arraignment, Defendant Ready arrogated civil injunctive power and issued a "Cease and Desist Order" directing Plaintiff to cease construction activity at his property located at 1606 Beach Boulevard, Biloxi, Mississippi.

1. The Cease and Desist Order was a civil injunctive order, not a criminal penalty. It ordered Plaintiff to refrain from property use pending resolution with the City's building department. Miss. Code Ann. § 21-23-7 limits municipal courts to "exclusive jurisdiction over misdemeanor offenses." An adjudicator possesses only that authority conferred by statute. *City of Arlington v. FCC*, 569 U.S. 290 (2013). Ready's July 25, 2025 Cease and Desist Order—a civil property restriction issued from a criminal arraignment docket—is void ab initio.

4

1. The issuance of a civil injunctive order from a criminal court proceeding was done without notice that such relief would be sought, without a hearing on the propriety of injunctive relief, and without any opportunity for Plaintiff to contest the issuance.

1. Defendant Ready directed Plaintiff that he "must get into agreement with building department"—an order to comply with civil administrative requirements, not a criminal sentence.

1. The City of Biloxi's Building Official, Jerry Creel, subsequently relied upon Defendant Ready's order for civil enforcement purposes. In an August 5, 2025 email to Plaintiff, Creel stated: "Until then, you are still under the Cease and Desist Order issued by Judge Ready." This email establishes that City officials treated Ready's void order as valid authority for property regulation. A criminal court judge's order was wielded by the executive branch for civil enforcement.

**D. On September 19, 2025, Defendant Ready Imposed Civil Property Conditions After Dismissing the Criminal Case**

1. On September 19, 2025, Defendant Ready entered an Order of Dismissal in Case No. CC-51719, dismissing the criminal charges against Plaintiff without prejudice.

1. Despite dismissing the criminal case, Defendant Ready's Order of Dismissal imposed continuing civil conditions, ordering that "the Stop Work Order shall remain in full force and effect" until either: (a) Plaintiff and the City reach an agreement regarding property use, or (b) "a Court of competent jurisdiction makes a final determination."

1. Yet Defendant Ready's own Order acknowledges that the Municipal Court is not "a Court of competent jurisdiction" to determine property matters, yet she imposed property conditions nonetheless. A party cannot contradict its own judicial admissions. If Municipal Court cannot determine property disputes, then Municipal Court cannot impose property

5

restrictions. Ready's written acknowledgment of jurisdictional limitation forecloses any argument that her property-related orders were lawful.

1. By ordering that property restrictions remain in effect after dismissing the criminal case, Defendant Ready usurped civil injunctive power that municipal courts do not possess.

1. The imposition of civil property conditions after dismissal of a criminal case constitutes an exercise of jurisdiction that municipal courts have never been granted by the Mississippi Legislature.

## E. Mississippi Law Denies Municipal Courts Any Civil Injunctive Power Over Property Rights

1. Under Miss. Code Ann. § 21-23-7, the Municipal Court of the City of Biloxi has jurisdiction only over: (a) violations of municipal ordinances; (b) state misdemeanor laws made offenses against the municipality; and (c) civil actions filed pursuant to Title 93, Chapter 21 (the Protection from Domestic Abuse Act).

1. § 21-23-7 does not grant municipal courts any general civil jurisdiction, any equitable jurisdiction, or any power to issue injunctions affecting property rights. The statute explicitly limits civil jurisdiction to domestic abuse cases only.

1. Civil injunctions for zoning and ordinance violations must be pursued in chancery court. Municipalities seeking to enjoin code violations must proceed through courts of equity jurisdiction, not criminal courts.

1. The City of Biloxi's own ordinances confirm this limitation. City of Biloxi Ordinance Section 23-8-6(A) provides the exclusive remedies for code violations. Subsection (3), titled "Injunction," states: "When a violation occurs, the city may, either before or after the initiation of other authorized actions, apply to **the appropriate court** for a mandatory or prohibitory injunction ordering the offender to correct the unlawful condition or cease the

6

unlawful use of the land in question." (emphasis added). Subsection (5), titled "Equitable Remedy," similarly provides: "The city may apply to **a court of law** for any appropriate equitable remedy to enforce the provisions of this Ordinance."

1. The City's own ordinance thus acknowledges that injunctive and equitable relief must be sought from "the appropriate court" or "a court of law"–not from the municipal court. The Municipal Court of Biloxi, possessing only criminal jurisdiction under Miss. Code Ann. § 21-23-7, is not "the appropriate court" for civil injunctive relief. Defendant Ready's issuance of civil injunctive orders violated not only state statutory law but the City's own ordinance governing enforcement remedies.

1. The principle admits of no exception: a municipal judge vested solely with criminal ordinance jurisdiction cannot–by incantation, by fiat, or by conspiracy–manufacture civil equity powers over property rights. What the law does not confer, the judge cannot exercise. What the judge cannot exercise, immunity does not protect. So holds a century of precedent. So commands the statutory scheme. Defendant Ready's issuance of civil injunctive orders from a court possessing only criminal jurisdiction constitutes acting in the "clear absence of all jurisdiction."

**F. Defendant Ready's Contract Status Creates the Financial Bias Tumey Forbids**

1. Upon information and belief, Defendant Ready serves as a contract municipal court judge for the City of Biloxi, not as a tenured judicial officer.

1. Defendant Ready's contractual relationship with the City of Biloxi creates a financial interest in maintaining favor with City officials, including those who are defendants in the Federal Lawsuit. The Supreme Court has long held that "[e]very procedure which would offer a possible temptation to the average man as a judge not to hold the balance nice,

7

clear, and true between the State and the accused denies the latter due process of law." *Tumey v. Ohio*, 273 U.S. 510, 532 (1927).

1. The Fifth Circuit, in *Caliste v. Cantrell*, 937 F.3d 525 (5th Cir. 2019), struck down a magistrate system where judges had financial interests in case outcomes. That decision is binding in Mississippi. A contract judge whose continued employment depends on pleasing City officials has precisely the kind of "direct, personal, substantial pecuniary interest" that *Tumey* forbids.

1. Defendant Ready's status as a contractor does not expand the jurisdictional limits of the municipal court, which remain defined by § 21-23-7.

## G. Defendant Ready Denied Plaintiff's Constitutional Right to Confront His Accuser

1. The criminal charges against Plaintiff were based entirely on affidavits prepared by Jerry Creel, Building Official for the City of Biloxi.

1. Creel had a direct personal interest in the outcome: he was a named defendant in Plaintiff's federal civil rights lawsuit. Creel's on-the-record statement that Plaintiff "bypassed us and filed a federal lawsuit" evidences retaliatory motive.

1. Plaintiff filed a motion seeking to confront and cross-examine Creel regarding the veracity of his affidavits, pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978).

1. Defendant Ready never ruled on Plaintiff's motion. Instead of allowing Plaintiff the opportunity to challenge the truthfulness of Creel's affidavits, Defendant Ready dismissed the criminal case while imposing civil conditions—thereby denying Plaintiff any opportunity to confront his accuser.

1. "In almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses." *Goldberg v.*

8

*Kelly*, 397 U.S. 254, 269 (1970). "The right of a defendant to examine and cross-examine witnesses is too essential to a fair trial to have that right jeopardized." *In re Murchison*, 349 U.S. 133, 139 (1955).

1. By never ruling on Plaintiff's motion to confront Creel, Defendant Ready denied Plaintiff a meaningful opportunity to be heard. Under *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965), "[a] fundamental requirement of due process is 'the opportunity to be heard.'... It is an opportunity which must be granted at a meaningful time and in a meaningful manner."

**H. The Case File Contains a Forged Order Dated Forty Months Before the Case Existed**

1. The case file in CC-51719 contains a document captioned "Standing Order to Seal" purportedly dated February 7, 2022.

1. Case No. CC-51719 did not exist until July 9, 2025–more than forty months after the purported February 7, 2022 order. It is temporally impossible for a court order to predate its own case by forty months.

1. The purported February 2022 order bears the signature of Judge William E. 'Gig' Tisdale. However, Judge Tisdale retired on June 30, 2025, and Case CC-51719 was never assigned to him–it was assigned to Defendant Ready.

1. The February 2022 order is identical in format to a legitimate order entered in *City of Biloxi v. Bloodsworth*, Case No. 22-005006–a sealed case from the actual February 2022 timeframe. Only prosecutors with access to that sealed file could have obtained the template.

1. Defendant Ready presided over Case CC-51719 and enforced proceedings built upon this fabricated document. A judge who presides over proceedings she knows or should know

9

are founded on forged court documents is not performing a judicial act–she is participating in fraud upon the court.

1. "Tampering with the administration of justice in the manner indisputably shown here involves far more than an injury to a single litigant. It is a wrong against the institutions set up to protect and safeguard the public." *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246 (1944). Fraud upon the court has no statute of limitations and may be raised at any time.

**I. The City Issued Process Before Any Sworn Complaint Existed—A Temporal Impossibility**

1. The City issued the criminal summons in Case CC-51719 on July 9, 2025. The supporting affidavits prepared by Jerry Creel were not sworn until July 10, 2025–one day after the summons issued. Creel swore these affidavits before his own subordinate employee, Brooke Vanover, who had been appointed Deputy Clerk solely for this purpose.

1. Under *Franks v. Delaware*, 438 U.S. 154 (1978), when supporting affidavits contain deliberate falsehoods or reckless disregard for truth, "the warrant must be voided." Here, no affidavit existed at the time the summons issued–a temporal impossibility that renders the entire prosecution void ab initio.

1. Creel appeared before his subordinate Vanover and falsely swore he "personally observed" Plaintiff at the property at 10:00 AM on July 10, 2025. Plaintiff was in California recovering from eye surgery (medical records, flight records, and hotel records confirm this). At the July 25, 2025 arraignment before Defendant Ready, Plaintiff confronted Creel with this perjury. Creel offered no denial.

1. Defendant Ready acknowledged Plaintiff's accusations but took no action. Instead, she issued a civil Cease and Desist Order based on the very affidavits Plaintiff had just

10

demonstrated were perjured. All proceedings flowing from the constitutionally void summons–including Ready's Cease and Desist Order–are fruit of the poisonous tree.

**J. Defendant Ready's Conduct Caused Catastrophic and Continuing Harm**

1. As a direct and proximate result of Defendant Ready's ultra vires acts, fraud upon the court, and denial of due process, Plaintiff has suffered and continues to suffer the following damages:

1. **Emotional Distress and Mental Anguish:** Plaintiff was subjected to criminal prosecution and arraignment founded on fabricated court documents and perjured affidavits. Plaintiff experienced humiliation, anxiety, and mental anguish from being prosecuted by a judge acting in coordination with City officials who are defendants in Plaintiff's federal civil rights lawsuit. Plaintiff was denied the right to confront his accuser despite demonstrating perjury in open court.

1. **Reputational Harm:** Plaintiff's reputation has been damaged by having four misdemeanor criminal charges filed against him based on forged documents and false affidavits. The existence of Case No. CC-51719 in public records creates a stigma and harms Plaintiff's standing in the community and his professional reputation.

1. **Criminal Record:** Despite the dismissal of charges, the criminal case and charges appear in Plaintiff's record. This record was created through fraud upon the court and affects background checks, employment opportunities, professional licensing, and other aspects of Plaintiff's life. Plaintiff will incur costs to expunge this fraudulently-created record.

1. **Property Deprivation:** Defendant Ready's void orders–issued without jurisdiction, based on perjured affidavits, and in proceedings founded on forged documents–have contributed to Plaintiff's inability to use his property at 1606 Beach Boulevard since July 2025. The

11

Stop Work Order maintained through Defendant Ready's September 19, 2025 Order continues to restrict Plaintiff's property rights despite being void from inception.

1. **Loss of Financing:** As a direct result of Defendant Ready's void orders and the ongoing litigation they necessitated, Plaintiff lost construction financing for the property at 1606 Beach Boulevard. Lenders refused to fund construction on property subject to disputed legal restrictions. The collapse of financing arrangements caused substantial financial harm.

1. **Construction Delay Damages:** The void Stop Work Order and Cease and Desist Order caused construction delays exceeding eighteen months. Plaintiff has incurred increased material costs, labor costs, contractor penalties, and opportunity costs as a direct result of being unable to proceed with construction during this extended period.

1. **Loss of Use:** Plaintiff has been deprived of the use and enjoyment of his property at 1606 Beach Boulevard since July 2025. The property cannot be occupied, rented, or used for its intended purpose due to Defendant Ready's void orders. Plaintiff is entitled to damages for the fair rental value of the property during the period of deprivation.

1. **Marriage Dissolution:** The stress, financial strain, and emotional toll caused by Defendant Ready's ultra vires acts, the fraudulent prosecution, and the ongoing property restrictions contributed to the dissolution of Plaintiff's marriage. Plaintiff suffered profound personal and familial harm as a consequence of Defendant Ready's conduct.

1. **Other Damages:** Plaintiff has suffered and continues to suffer additional damages to be proven at trial, including but not limited to attorney's fees incurred in collateral proceedings, expert witness fees, lost business opportunities, and other consequential damages flowing from Defendant Ready's unlawful conduct.

12

### K. The Cumulative Record Demonstrates a Pattern Wholly Inconsistent with Legitimate Judicial Action

1. Having reviewed the record in the aggregate, the cumulative factors demonstrate a pattern of conduct wholly inconsistent with legitimate judicial action:

1. **Temporal Factors:** The record reflects that Plaintiff filed his federal civil rights lawsuit on June 6, 2025. The record further shows that a Stop Work Order was issued twenty-four days later, on June 30, 2025, followed by criminal charges on July 9, 2025–thirty-three days after the federal lawsuit. The supporting affidavits were not sworn until July 10, 2025–one day after the summons issued. The record establishes that Building Official Creel admitted on the record that Plaintiff "bypassed us and filed a federal lawsuit." The chronology admits of no innocent explanation.

1. **Documentary Deficiencies:** The record is devoid of any legitimate court order predating July 2025 for Case CC-51719. The purported February 2022 order is a fabrication–the case did not exist for another forty months. The summons was issued before any affidavit was sworn. The affidavits contain demonstrably false statements regarding Creel's personal observations.

1. **Procedural Violations:** Defendant Ready never ruled on Plaintiff's motion to confront his accuser. By refusing to rule on this motion, Defendant Ready "shut off a line of inquiry" directly relevant to the foundation of the prosecution. *See Parlak v. Holder*, 578 F.3d 457, 463 (6th Cir. 2009). The foreclosure of this inquiry is itself evidence of bad faith.

1. **Defendant Ready's Own Admissions:** Defendant Ready's September 19, 2025 Order acknowledges that the Municipal Court is not "a Court of competent jurisdiction" for property matters–yet she imposed property conditions nonetheless. "A party cannot contradict its own judicial admissions." Defendant Ready's own order directly undermines any defense she may offer. What she admits, she cannot dispute.

13

1. **The Burden Cascade:** To justify her ultra vires conduct, Defendant Ready must establish: (1) subject matter jurisdiction over civil property matters; (2) statutory authority to issue injunctive relief; (3) compliance with due process requirements; (4) a legitimate judicial purpose unconnected to retaliation. Defendant Ready has satisfied none of these requirements. The record is devoid of statutory authority. The record is devoid of jurisdictional basis. The record is devoid of due process compliance. Zero of four elements met.

1. The totality of circumstances—the retaliatory timeline, the fabricated documents, the perjured affidavits, the denial of confrontation, the jurisdictional usurpation, and Defendant Ready's own admissions—compels the relief requested herein.

**L. The Harenski Settlement Constitutes an Implicit Admission That Due Process Was Denied**

1. On October 1, 2025, Robert G. Harenski, Senior Municipal Prosecutor for the City of Biloxi, sent Plaintiff a letter summarizing a "Court Ordered Conference" held on September 30, 2025, in connection with Case No. 1:25-cv-254-LG-RPM.

1. In that letter, Harenski made binding promises regarding future criminal prosecutions: (1) "If the City of Biloxi finds you to be in violation of a City Ordinance that provides for an opportunity for you to cure prior to the filing of criminal charge(s), you will be given notice of the alleged violation and an opportunity to cure said violation, prior to the filing of any charges against you"; (2) "Prior to any warrant being issued against you, a Prosecutor will review and approve the Criminal Affidavit going forward to the Judge"; and (3) "Prior to any warrant being issued against you, Judge Ready (or, in her absence, another Municipal Court Judge) will review the Criminal Affidavit to determine whether probable cause exists to believe that (a) a crime has been committed, and (b) that you may have committed that crime."

14

1. These promises are significant not for what they guarantee going forward, but for what they implicitly admit about the prior prosecution in Case CC-51719: (a) Plaintiff was NOT given notice or opportunity to cure before charges were filed; (b) No Prosecutor reviewed or approved Creel's Criminal Affidavit before the summons was issued; and (c) No Judge reviewed the Criminal Affidavit for probable cause before process issued–the summons was issued July 9, 2025, one day BEFORE Creel even swore the affidavits on July 10, 2025.

1. The Harenski Settlement letter states: "While we certainly believe you have received such due process for the prior charges, you have my assurance that..." This statement is demonstrably false. The summons predated the affidavits by one day. It is temporally impossible to have received due process review of documents that did not yet exist.

1. The City's promise to provide these due process protections "going forward" constitutes an implicit admission that such protections were NOT provided in the prosecution over which Defendant Ready presided. The City cannot promise to do in the future what it claims it already did in the past.

1. Plaintiff signed the Harenski Settlement letter on October 2, 2025, and dismissed Harenski from Case 1:25-cv-254-LG-RPM without prejudice. The Settlement expressly contemplated that Defendant Ready would continue to preside over future matters– demonstrating that the City and Plaintiff both understood Ready's role in the prosecutorial process.

1. The Harenski Settlement is attached hereto as Exhibit A and incorporated by reference.

15

**M. Defense Counsel Offered to Postpone the Criminal Trial—Proving the City's Lawyers Controlled the Prosecution**

1. On August 18, 2025, J. Henry Ross–attorney for Currie Johnson & Myers, the firm defending the City of Biloxi in the Federal Lawsuit–sent Plaintiff an email concerning the criminal trial scheduled for August 22, 2025 before Defendant Ready.

1. Ross wrote: "The fact that you have sued me, Maddie Costelli Pettrey (the City's retained expert) and have threatened other suits against a wave of other attorneys including the prosecutor in Biloxi's Community Court creates an obstacle to such a meeting."

1. Ross then offered: "The current matter set this Friday in Community Court **could be postponed** pending our conference with one of the Magistrate Judges."

1. A defense attorney in civil litigation cannot "postpone" a criminal prosecution unless he controls that prosecution. Ross's conditional offer–that the criminal trial "could be postponed" if Plaintiff would meet with federal magistrates regarding settlement– demonstrates that the criminal case before Defendant Ready was not an independent prosecution but an instrument of the City Attorney's office. The prosecution was controlled by the same attorneys defending the City against Plaintiff's federal civil rights claims.

1. This is textbook extortion under color of official right. The linkage between criminal prosecution and civil litigation settlement demands violates *Bordenkircher v. Hayes*, 434 U.S. 357 (1978) (vindictive prosecution), and *Blackledge v. Perry*, 417 U.S. 21 (1974) (retaliation for exercise of legal rights).

1. The chain of control is complete: City Attorney Abide supervises Prosecutor Harenski; Abide is a partner at Currie Johnson & Myers; Ross (also at Currie Johnson & Myers) could offer to postpone the prosecution at will; Defendant Ready presides over a

16

prosecution controlled by the attorneys she works alongside; every order Ready issued benefited the City whose lawyers controlled the proceeding.

1. Defendant Ready did not preside over an independent judicial proceeding. She presided over an extortion tool–a prosecution the City's own lawyers could "postpone" at will. These are not the acts of an independent judge. These are the acts of a participant in an extortion scheme.

1. The Ross August 18, 2025 email is attached hereto as Exhibit B and incorporated by reference.

### N. Defendant Ready Falsified Court Records by Mislabeling an Arraignment as a Hearing

1. Defendant Ready's September 19, 2025 Order of Dismissal contains a material falsification. The order refers to the July 25, 2025 proceeding as a "hearing" rather than an "arraignment."

1. The July 25, 2025 proceeding was an arraignment–the initial appearance where criminal charges were read and Plaintiff entered his plea. An arraignment is fundamentally different from a hearing: it is a ministerial proceeding to inform the defendant of charges and take a plea, not a proceeding to adjudicate civil matters or issue injunctive relief.

1. By characterizing the arraignment as a "hearing" in her official order, Defendant Ready attempted to create a false record suggesting she conducted a proper proceeding with jurisdiction to issue civil relief. This mislabeling is consistent with the pattern of falsification throughout Case CC-51719: the forged February 2022 order, the summons issued before affidavits existed, the perjured affidavits, and now the mischaracterization of the very nature of the proceeding.

17

1. A judge who falsifies the nature of proceedings in her own orders is not performing a judicial function—she is fabricating evidence.

**O. Preemption of Expected Defenses**

1. Defendant Ready may argue that Plaintiff's failure to immediately appeal her orders constitutes waiver or consent. This argument fails for three independent reasons. First, void orders cannot be validated by acquiescence—"a void judgment may be impeached directly or collaterally by all persons, anywhere, at any time, or in any manner." *In re Estate of Ivy*, 121 So. 3d 226, 243-44 (Miss. Ct. App. 2012). Second, Plaintiff challenged the orders through motions in the criminal case—motions Defendant Ready never ruled upon. Third, the Harenski Settlement of October 2, 2025, did not waive claims against Defendant Ready; it settled claims against Harenski only and expressly contemplated that Ready would continue to preside over future matters.

1. Defendant Ready may argue that the dismissal of criminal charges moots Plaintiff's claims. But the dismissal compounded the injury—Defendant Ready dismissed the charges while maintaining civil property restrictions, thereby denying Plaintiff any forum to challenge the void orders. A judge cannot moot a plaintiff's claims by dismissing the case while preserving the unconstitutional conditions the plaintiff challenges.

1. Defendant Ready may argue that she believed in good faith that she possessed jurisdiction. Yet good faith cannot manufacture jurisdiction that does not exist. "Jurisdiction is the power to hear and determine a case. It is conferred by law and cannot be acquired by consent of parties or by the erroneous assumption of it." Ready's own September 19, 2025 Order admits the Municipal Court is not a court of competent jurisdiction for property matters—an admission that forecloses any good faith defense.

18

1. No defense can resurrect jurisdiction that never existed. No argument can validate orders that were void from inception. No immunity can protect acts taken in the clear absence of all jurisdiction.

## V. CAUSES OF ACTION

### COUNT I: ABUSE OF PROCESS

1. Plaintiff incorporates by reference all preceding paragraphs.

1. Defendant Ready engaged in the illegal and improper perverted use of criminal court process by issuing civil injunctive orders from a court possessing only criminal jurisdiction. Under Mississippi law, abuse of process requires proof of (1) illegal use of process, (2) ulterior motive, and (3) resulting damage. *McLain v. West Side Bone & Joint Ctr.*, 656 So. 2d 119, 123 (Miss. 1995) (holding that abuse of process lies where the process itself is perverted to accomplish an improper purpose, and that favorable termination of the underlying proceeding is not required). In *McLain*, the Mississippi Supreme Court found actionable abuse where a hospital used guardianship proceedings for an improper purpose—the perversion of the process itself constituted the wrong, regardless of outcome. *Id.* at 124. Here, Defendant Ready's perversion is more egregious: she used criminal process to accomplish civil enforcement objectives that her court had no jurisdiction to pursue.

1. Defendant Ready issued orders she knew she could not issue, exercised power she knew she did not have, and coordinated with parties she knew were Plaintiff's litigation adversaries. The conduct was not inadvertent. The timing was not coincidental. The intent was manifest.

19

1. The issuance of civil property orders was neither warranted nor authorized by the criminal process over which Defendant Ready presided. The action of abuse of process consists in the misuse or misapplication of a legal process to accomplish some purpose not warranted or commanded by the writ. *Williamson v. Keith*, 786 So. 2d 390, 394-95 (Miss. 2001).

1. Defendant Ready's use of criminal process to achieve civil enforcement objectives constitutes abuse of process under Mississippi law.

1. The favorable termination of prior proceedings is not an element of abuse of process under Mississippi law. *McClinton v. Delta Pride Catfish, Inc.*, 792 So. 2d 968, 978 (Miss. 2001).

1. The criminal process became Defendant Ready's weapon. What should have protected the public became an instrument of oppression. As a direct and proximate result of this abuse, Plaintiff suffered—and continues to suffer—the damages described herein.

## COUNT II: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1. Plaintiff incorporates by reference all preceding paragraphs.

1. Defendant Ready's conduct in issuing civil orders from a court lacking civil jurisdiction, thereby subjecting Plaintiff to continuing restrictions based on void orders, was intentional.

1. Mississippi law recognizes intentional infliction of emotional distress where conduct is "so outrageous as to be utterly intolerable in a civilized community." A municipal judge who knowingly arrogates civil jurisdiction she does not possess, who issues property orders she has no power to issue, and who coordinates that ultra vires conduct with parties adverse to a plaintiff in pending federal litigation, has not acted as a judge at all. She has acted as a co-conspirator. Such conduct does not merely shock the conscience–it annihilates the premise upon which judicial immunity rests.

20

1. Defendant Ready's conduct was the proximate cause of Plaintiff's severe emotional distress.

1. Plaintiff suffered severe emotional distress manifesting in persistent anxiety, chronic sleep disruption, loss of appetite and weight loss, difficulty concentrating, hypervigilance regarding legal proceedings, and recurring distress upon receiving any communication from the City of Biloxi or its officials. The stress of being criminally prosecuted by a judge acting in concert with Plaintiff's federal litigation adversaries–based on forged documents and perjured affidavits–caused Plaintiff to experience physical symptoms including elevated blood pressure, headaches, and gastric distress. The emotional toll contributed to the dissolution of Plaintiff's marriage. The judicial system that should have protected him became the instrument of his persecution.

## COUNT III: DECLARATORY JUDGMENT

1. Plaintiff incorporates by reference all preceding paragraphs.

1. Pursuant to Mississippi Rule of Civil Procedure 57, Plaintiff seeks a declaratory judgment regarding the validity of Defendant Ready's orders.

1. An actual controversy exists between Plaintiff and Defendant regarding whether the Municipal Court of the City of Biloxi had subject matter jurisdiction to issue civil injunctive orders.

1. Under Mississippi law, when a court acts "without jurisdiction of the subject matter, its acts and proceedings are of no force and validity; they are a mere nullity and are void." *Clark v. Clark*, 43 So. 3d 496, 502 (Miss. Ct. App. 2010). A void judgment "may be impeached directly or collaterally by all persons, anywhere, at any time, or in any manner." *In re Estate of Ivy*, 121 So. 3d 226, 243-44 (Miss. Ct. App. 2012).

21

1. Plaintiff seeks a declaration that: (a) The Municipal Court of the City of Biloxi lacks subject matter jurisdiction to issue civil injunctive orders affecting property rights; (b) Defendant Ready's July 25, 2025 Cease and Desist Order is VOID ab initio for lack of subject matter jurisdiction; (c) Defendant Ready's September 19, 2025 Order, to the extent it imposed continuing civil conditions after dismissal, is VOID ab initio for lack of subject matter jurisdiction; (d) Orders issued in the clear absence of all jurisdiction have no legal effect and may not be enforced.

## COUNT IV: INJUNCTIVE RELIEF

1. Plaintiff incorporates by reference all preceding paragraphs.

1. Defendant Ready has issued orders affecting Plaintiff's property rights without subject matter jurisdiction to do so.

1. Unless enjoined, Defendant Ready may continue to issue orders affecting Plaintiff's property rights without lawful authority.

1. Plaintiff has no adequate remedy at law because void orders may be cited as authority for enforcement actions despite lacking legal effect.

1. Pursuant to *Pulliam v. Allen*, 466 U.S. 522 (1984), judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity.

1. Plaintiff seeks a permanent injunction prohibiting Defendant Ready from issuing any further orders affecting Plaintiff's property at 1606 Beach Boulevard, Biloxi, Mississippi, or otherwise exercising civil injunctive jurisdiction that the Municipal Court does not possess.

## COUNT V: VACATUR FOR FRAUD UPON THE COURT (Equitable Relief)

1. Plaintiff incorporates by reference all preceding paragraphs. Plaintiff invokes this Court's inherent equitable power to vacate judgments and orders procured by fraud upon the court. Mississippi courts possess inherent authority to set aside judgments obtained through fraud that undermines the integrity of the judicial process itself. *See Tupelo Redevelopment Agency v. Abernathy*, 913 So. 2d 278, 284 (Miss. 2005) (recognizing the court's inherent power over its own proceedings). This power exists independent of any statutory cause of action and is grounded in the court's constitutional obligation to maintain the integrity of its judicial processes.

1. Defendant Ready presided over criminal proceedings founded upon fabricated court documents, including a "Standing Order to Seal" dated February 7, 2022–more than forty months before Case CC-51719 existed.

1. Defendant Ready presided over criminal proceedings initiated by a summons issued July 9, 2025, before any supporting affidavit was sworn (July 10, 2025).

1. Defendant Ready was informed at the July 25, 2025 arraignment that Creel's affidavits contained materially false statements. Rather than void the proceedings, she issued additional orders based on those perjured affidavits.

1. "Tampering with the administration of justice in the manner indisputably shown here involves far more than an injury to a single litigant. It is a wrong against the institutions set up to protect and safeguard the public." *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246 (1944).

1. Fraud upon the court "seriously affects the integrity of the normal process of adjudication." *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118 (1st Cir. 1989). It may be raised at any time because no statute of limitations applies to fraud upon the court.

23

1. Defendant Ready presided over a fraud. She knew—or deliberately blinded herself to the knowledge—that the proceedings rested on forged documents and perjured affidavits. Fraud upon the court has no statute of limitations. It may be raised at any time. It requires vacatur. It admits of no defense. Plaintiff seeks vacatur of all orders in Case CC-51719 as an equitable remedy for fraud upon the court.

## COUNT VI: DENIAL OF DUE PROCESS AND RIGHT TO CONFRONT ACCUSER (Miss. Const. Art. 3, §§ 14, 26)

1. Plaintiff incorporates by reference all preceding paragraphs. Plaintiff brings this claim pursuant to the Mississippi Constitution, Article 3, Section 14, which guarantees that "[n]o person shall be deprived of life, liberty, or property except by due process of law," and Article 3, Section 26, which guarantees the right "to be confronted by the witnesses against him." These state constitutional protections provide an independent basis for this claim under Mississippi law, enforceable through direct constitutional tort. *See Pruett v. State*, 574 So. 2d 1342, 1353 (Miss. 1990) (recognizing direct constitutional claims under the Mississippi Constitution).

1. Plaintiff filed multiple motions in Case CC-51719, including a motion seeking to confront and cross-examine Jerry Creel regarding the veracity of his affidavits, pursuant to the principles established in *Franks v. Delaware*, 438 U.S. 154 (1978), and the guarantees of the Mississippi Constitution, Art. 3, §§ 14 and 26.

1. Defendant Ready never ruled on any of Plaintiff's motions. More than five substantive motions filed by Plaintiff—including motions challenging jurisdiction, motions to dismiss, and motions for evidentiary hearings—remain pending without ruling to this day. Instead, she dismissed the criminal case while imposing civil conditions—thereby denying Plaintiff any opportunity to challenge his accuser or the foundation of the prosecution.

24

1. "In almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses." *Goldberg v. Kelly*, 397 U.S. 254, 269 (1970). The Mississippi Constitution provides protections at least coextensive with the federal Due Process Clause. *Page v. Biloxi Operating Co.*, 611 So. 2d 175, 177 (Miss. 1992).

1. "A fundamental requirement of due process is 'the opportunity to be heard.'... It is an opportunity which must be granted at a meaningful time and in a meaningful manner." *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965).

1. By never ruling on any of Plaintiff's motions and dismissing the case before Plaintiff could confront Creel, Defendant Ready denied Plaintiff the fundamental due process right to challenge the veracity of his accuser's statements and to have his legal arguments heard, in violation of the Mississippi Constitution, Art. 3, §§ 14 and 26.

1. Due process requires the right to be heard. Defendant Ready denied that right. Due process requires the opportunity to confront one's accuser. Defendant Ready foreclosed that opportunity. Due process requires meaningful review. Defendant Ready provided none. As a direct and proximate result, Plaintiff suffered continued enforcement of void orders based on perjured affidavits he was never permitted to challenge.

## COUNT VII: CIVIL CONSPIRACY

1. Plaintiff incorporates by reference all preceding paragraphs.

1. On June 6, 2025, Plaintiff filed a federal civil rights lawsuit against the City of Biloxi and its officials, including Building Official Jerry Creel. Twenty-four days later, on June 30, 2025, the City issued a Stop Work Order against Plaintiff's property. On July 9, 2025–thirty-three days after the federal lawsuit–a criminal summons was issued, and Creel

25

caused four misdemeanor charges to be filed against Plaintiff based on alleged violations of International Residential Code provisions R110.1, R114.4, and R105.1. The supporting affidavits were not sworn until July 10, 2025.

1. At the July 25, 2025 arraignment, Creel admitted the retaliatory motive on the record, stating that Plaintiff "bypassed us and filed a federal lawsuit." The chronology admits of no innocent explanation: federal lawsuit filed, then criminal charges filed by the very official being sued.

1. **The Creel Admission – Directed by Mayor and City Attorney:** In sworn testimony at the Board of Adjustment hearing, Building Official Jerry Creel admitted under oath: "I presented the information to the mayor and Pete Abide, who directed me to issue a stop work order." This admission establishes that Mayor Gilich and City Attorney Peter Abide personally directed Creel to pursue enforcement action against Plaintiff–immediately after Plaintiff filed his federal lawsuit naming Creel as a defendant.

1. **Defendant Ready's Connection to the Conspiracy:** Mayor Gilich appoints contract municipal court judges, including Defendant Ready. City Attorney Peter Abide represents the City in litigation, including the Federal Lawsuit. Defendant Ready's continued employment as a contract judge depends on maintaining favor with the very officials who directed Creel to prosecute Plaintiff. The circle is complete: the Mayor and City Attorney directed the prosecution; the Mayor appoints the judge; the judge issues void orders favorable to the City.

1. Defendant Ready, as a contract municipal judge whose continued employment depends on maintaining favor with City officials, had a direct financial interest in assisting the City's retaliation against Plaintiff. *See Tumey v. Ohio*, 273 U.S. 510, 532 (1927); *Caliste v. Cantrell*, 937 F.3d 525 (5th Cir. 2019).

26

1. Defendant Ready and Creel acted in concert to prosecute Plaintiff on fabricated charges. The evidence of conspiracy includes: (a) Creel's on-the-record admission of retaliatory motive; (b) Creel's sworn admission that Mayor Gilich and City Attorney Abide "directed" him to issue the stop work order; (c) Ready's issuance of civil orders that Creel then used for enforcement purposes; (d) Ready's refusal to rule on any of Plaintiff's more than five motions challenging the prosecution; (e) Ready's dismissal of the case in a manner that preserved the civil restrictions Creel sought; (f) Ready's status as a contract judge appointed by Mayor Gilich and dependent on City officials for continued employment; (g) Ross's offer to postpone the prosecution—proving defense counsel controlled it.

1. Under Mississippi law, civil conspiracy requires (1) two or more persons, (2) an object to accomplish an unlawful purpose, (3) a meeting of minds, (4) one or more overt acts, and (5) damages. *Gallagher Bassett Servs., Inc. v. Jeffcoat*, 887 So. 2d 777, 786 (Miss. 2004). A meeting of minds need not be proven by direct evidence; it may be inferred from the nature of the acts done, the relationship of the parties, the interests of the alleged conspirators, and other circumstances. *Rex Distrib. Co. v. Anheuser-Busch, LLC*, 271 So. 3d 445, 457 (Miss. 2019). Here, the circumstantial evidence is overwhelming: Creel's sworn admission that Mayor Gilich and City Attorney Abide directed the prosecution; the retaliatory timing; defense counsel's ability to postpone criminal proceedings; and Defendant Ready's pattern of issuing orders exclusively favorable to the City that controls her contract.

1. The conspiracy extended beyond Creel and Ready. City Attorney Peter Abide directed the City to cut off all communication with Plaintiff because he "filed suit against the City." Defense attorney J. Henry Ross offered to "postpone" the criminal trial—proving Currie Johnson & Myers controlled the prosecution. This directive to obstruct communication and

27

control of criminal process demonstrates coordinated retaliation against Plaintiff for exercising his constitutional right to petition the courts.

1. **The Stream of Benefits Theory:** Defendant Ready's financial interest need not be tied to any single corrupt act. In *United States v. Wright*, 665 F.3d 560, 568 (3d Cir. 2012), the Third Circuit held that improper benefits may come "in the form of a 'stream of benefits'" without linking each benefit to a specific official act. Here, Ready's "stream of benefits" is her continued employment as a contract judge–compensation that flows only so long as she maintains favor with Mayor Gilich and City Attorney Abide. Every favorable ruling for the City reinforces her value to the officials who control her contract. The quid pro quo is structural, continuous, and self-reinforcing.

1. **Parallels to Kids for Cash:** The conspiracy alleged herein mirrors the judicial corruption exposed in *In re Luzerne County Juvenile Court Proceedings*, No. 81 MM 2008 (Pa. Oct. 29, 2009), where the Pennsylvania Supreme Court vacated thousands of juvenile adjudications because the presiding judge "labored under the specter of [his] self-interested dealings with the facilities." The Court found that all juvenile adjudications during the period of corruption were "tainted" and could not be trusted. Here, Defendant Ready labored under the specter of her self-interested dealings with the City officials who control her contract, directed the prosecution, and are defendants in Plaintiff's federal lawsuit.

1. Defendant Ready and Creel, acting at the direction of Mayor Gilich and City Attorney Abide, conspired to use the criminal justice system to retaliate against Plaintiff for exercising his constitutional right to petition the federal courts. Their coordinated actions–filing charges based on perjured affidavits, issuing void civil orders, refusing to hear challenges to the prosecution's foundation, and dismissing the case while preserving civil restrictions–demonstrate a meeting of minds to accomplish an unlawful purpose.

28

1. As a direct and proximate result of this conspiracy, Plaintiff suffered damages including emotional distress, reputational harm, a criminal record, property deprivation, and the denial of his right to confront his accuser.

## COUNT VIII: DUE PROCESS VIOLATION - PRE-TRIAL FRAUD (Miss. Const. Art. 3, § 14)

1. Plaintiff incorporates by reference all preceding paragraphs. Plaintiff brings this claim pursuant to the Mississippi Constitution, Article 3, Section 14, which guarantees that no person shall be deprived of life, liberty, or property except by due process of law. The prosecution of Plaintiff on void process--a summons issued before any affidavit was sworn, supported by perjured affidavits, and founded on fabricated court documents--violated Plaintiff's due process rights under the Mississippi Constitution.

1. Under Mississippi law, a judge acting without a proper charging instrument is "not a judge, but a mere trespasser" who may be held personally liable for all consequences of the void proceeding. *Wilcox v. Williamson*, 61 Miss. 310 (1883) (holding that a judge acting without proper charging instrument is a "mere trespasser" subject to personal liability). This principle recognizes that the absence of foundational process--a sworn complaint establishing probable cause--renders all subsequent judicial acts void ab initio and strips the presiding officer of immunity.

1. The criminal prosecution in Case CC-51719 lacked any lawful foundation. The Criminal Summons was issued July 9, 2025. The supporting affidavits were not sworn until July 10, 2025--one day AFTER process issued. Mississippi Rule of Criminal Procedure 2.1(a) requires commencement by "charging affidavit, indictment, or bill of information." Rule 3.1(b)(1) requires a sworn complaint establishing probable cause before issuance of process. No sworn complaint existed on July 9, 2025.

29

1. Under *Franks v. Delaware*, 438 U.S. 154 (1978), when supporting affidavits are false or non-existent, "the warrant must be voided" and all proceedings flowing from it are invalid. The July 9, 2025 summons was issued based on facts not yet sworn to–a temporal impossibility. The entire prosecution was void from inception.

1. The affidavits, when finally sworn, were perjured. Jerry Creel swore he "personally observed" Plaintiff at 10:00 AM on July 10, 2025, "installing a swimming pool without a permit." This was impossible: Plaintiff underwent eye surgery on July 7, 2025, in California, returned to Biloxi on July 9, 2025, and did not leave the residence until 4:00 PM on July 10. Creel's contemporaneous email at 10:30 AM that same morning–acknowledging receipt of documentation from Plaintiff's wife, not Plaintiff–makes no mention of observing Plaintiff thirty minutes earlier.

1. At the July 25, 2025 arraignment before Defendant Ready, Plaintiff accused Creel of perjury in open court. Creel offered no denial–an adoptive admission under Mississippi Rules of Evidence 801(d)(2)(B). Defendant Ready acknowledged these accusations but issued the cease and desist order regardless.

1. The fabrication of evidence to support criminal charges violates the Due Process Clause. *Cole v. Carson*, 935 F.3d 444, 448-49 (5th Cir. 2019) (en banc). Fabrication is a per se due process violation requiring no additional showing. *Whitlock v. Brueggemann*, 682 F.3d 567, 580 (7th Cir. 2012). The right to be free from fabricated evidence is "freestanding" and exists independent of any other constitutional violation. *Zahrey v. Coffey*, 221 F.3d 342, 348 (2d Cir. 2000).

1. The prosecutor who appeared before Defendant Ready has admitted the process was deficient. The affiant has been accused of perjury without denial. The case file contains a document bearing impossible dates and a retired judge's signature. The summons was

30

issued before any affidavit was sworn. The affidavit claims observations that were physically impossible. Defendant Ready was informed of these defects at arraignment. She never ruled on any motion challenging them. She issued civil orders she had no jurisdiction to issue. She maintained those restrictions after dismissing the criminal charges. And she has offered no explanation, no correction, and no acknowledgment of error.

1. These are not the acts of a judge making mistakes. These are the acts of a conspirator executing a plan.

1. As a direct and proximate result of Defendant Ready's participation in proceedings she knew or should have known were founded on void process and perjured affidavits, Plaintiff has suffered damages including emotional distress, reputational harm, a fraudulently-created criminal record, property deprivation, and the deprivation of his liberty interest in being free from malicious prosecution.

## VI. JUDICIAL IMMUNITY DOES NOT APPLY

1. Plaintiff incorporates by reference all preceding paragraphs.

1. Under Mississippi law, judges of "inferior and limited jurisdiction" courts are "liable when [they] act without [their] jurisdiction." *State for Use of Little v. USF&G*, 217 Miss. 576, 64 So. 2d 697 (1953) (holding that judges of inferior courts are personally liable when they act beyond the bounds of their statutory jurisdiction). The Municipal Court of the City of Biloxi is a court of "inferior and limited jurisdiction" as defined by Mississippi law. Defendant Ready's issuance of civil injunctive orders falls within the category where "there could be no possible jurisdiction."

1. Judicial immunity protects judges for acts taken within their jurisdiction, even if erroneous, malicious, or in excess of authority. *Stump v. Sparkman*, 435 U.S. 349, 356-57

31

(1978). However, judicial immunity does not protect judges for acts taken in the "clear absence of all jurisdiction." *Id.*; *Bradley v. Fisher*, 80 U.S. 335, 351 (1872).

1. As the Supreme Court confirmed in *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991), judicial immunity is defeated when a judge acts "in the clear absence of all jurisdiction" or performs an act that is not "judicial" in nature.

1. The distinction between "excess of jurisdiction" and "clear absence of all jurisdiction" is critical. But excess of jurisdiction is not absence of jurisdiction. The distinction matters. It is the difference between error and usurpation. It is the difference between immunity and liability. As the Supreme Court explained in *Bradley*: "If a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action."

1. The analogy is direct and inescapable: if a municipal judge, with jurisdiction over only criminal ordinance violations, should issue civil injunctive orders affecting property rights, she is acting in the clear absence of jurisdiction and is not immune from liability.

1. Defendant Ready issued orders affecting civil property rights—jurisdiction she does not possess, authority she has never held, power she cannot lawfully exercise. The absence is not technical; it is total. The void is not partial; it is complete. The immunity does not bend; it breaks.

1. The jurisdictional defect alone strips immunity. But Defendant Ready's conduct extends further: she presided over proceedings founded on fabricated court documents (the February 2022 order for a July 2025 case) and perjured affidavits (Creel's false statements). Presiding over fraudulent proceedings is not a judicial act entitled to immunity. *Forrester v. White*, 484 U.S. 219, 229 (1988) (immunity protects only "adjudication").

32

1. Judicial immunity does not insulate judges from liability for conspiring with private parties to deprive citizens of rights. In *Dennis v. Sparks*, 449 U.S. 24 (1980), the Supreme Court unanimously held that "private persons, jointly engaged with state officials in a challenged action, are acting 'under color' of law for purposes of § 1983 actions." *Id.* at 27. The Court explicitly rejected the argument that a judge's immunity shields co-conspirators: "The judge's immunity from damages liability for an official act that was allegedly the product of a corrupt conspiracy involving bribery of the judge **does not change the character of his action or that of his co-conspirators.**" *Id.* at 28.

1. The Supreme Court's reasoning in *Dennis* is instructive: "The potential harm to the public from denying immunity to co-conspirators if the factfinder mistakenly upholds a charge of a corrupt conspiracy **is outweighed by the benefits of providing a remedy against those private persons who participate in subverting the judicial process.**" *Id.* at 32. Here, Building Official Creel, City Attorney Abide, and Mayor Gilich participated in subverting the judicial process by directing Ready to prosecute Plaintiff in retaliation for his federal lawsuit. The conspiracy chain is documented in their own sworn admissions.

1. The conduct alleged herein parallels the judicial corruption exposed in the "Kids for Cash" scandal. In *United States v. Ciavarella*, 716 F.3d 705 (3d Cir. 2013), a Pennsylvania juvenile court judge was convicted of racketeering and honest services fraud for "abus[ing] [his] position[] within the Enterprise to enrich [himself]." The Third Circuit explained that a public official violates the duty of honest services through "undisclosed biased decision making," and such improper benefits may take the form of a "stream of benefits" without any single quid pro quo. *Id.* at 729.

1. Like Judge Ciavarella, Defendant Ready "labored under the specter of [her] self-interested dealings" with the parties seeking enforcement. Her contract employment depends on the Mayor who directed the prosecution. Her rulings favored the City that controls her

33

compensation. Her administrative acts–issuing civil orders from a criminal docket–fall outside the scope of judicial action entitled to immunity. *See Forrester v. White*, 484 U.S. 219, 229 (1988) ("Administrative decisions, even though they may be essential to the very functioning of the courts, have not similarly been regarded as judicial acts.").

1. Accordingly, Defendant Ready is not entitled to judicial immunity for the ultra vires acts, fraud upon the court, denial of due process, pre-trial fraud, and civil conspiracy alleged herein. A judge who acts in the clear absence of all jurisdiction, who presides over proceedings founded on forged documents and void process, who denies a defendant the right to confront his accuser, and who conspires with city officials–at the direction of the Mayor who appoints her–to retaliate against a federal litigant is not acting as a judge at all. Judicial immunity protects the judge. It does not protect the usurper. It does not protect the conspirator. It does not protect the co-conspirator.

## VII. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Yuri Petrini respectfully requests that this Court **GRANT** judgment against Defendant Apryl Ready and enter an order providing the following relief:

**DECLARATORY RELIEF:**

(a) Declare, pursuant to Miss. R. Civ. P. 57, that the Municipal Court of the City of Biloxi lacks subject matter jurisdiction to issue civil injunctive orders affecting property rights;

(b) Declare that Defendant Ready's July 25, 2025 Cease and Desist Order is VOID ab initio for lack of subject matter jurisdiction and may not be enforced;

(c) Declare that Defendant Ready's September 19, 2025 Order, to the extent it imposed continuing civil property conditions after dismissal of the criminal case, is VOID ab initio for lack of subject matter jurisdiction;

(d) Declare that all proceedings in Case CC-51719 are VOID ab initio as founded upon process issued without a sworn charging instrument (summons issued July 9, 2025; affidavits not sworn until July 10, 2025), fabricated court documents, and perjured affidavits;

(e) Declare that Plaintiff's criminal record in Case CC-51719 is void ab initio and of no legal effect, thereby establishing a basis for expungement proceedings;

**VACATUR AND INJUNCTIVE RELIEF:**

(f) Vacate all orders entered in Case CC-51719 as procured by fraud upon the court pursuant to *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944);

(g) Permanently enjoin Defendant Ready from: (i) issuing any further civil orders affecting Plaintiff's property at 1606 Beach Boulevard, Biloxi, Mississippi; (ii) exercising civil injunctive jurisdiction that the Municipal Court does not possess under Miss. Code Ann. § 21-23-7; and (iii) presiding over any proceeding involving Plaintiff;

**COMPENSATORY DAMAGES:**

(h) Award compensatory damages for emotional distress, mental anguish, and humiliation caused by Defendant Ready's ultra vires acts and participation in a prosecution founded on fraud, in an amount to be proven at trial;

(i) Award compensatory damages for harm to Plaintiff's reputation caused by the filing and maintenance of fraudulent criminal charges, in an amount to be proven at trial;

(j) Award compensatory damages for property deprivation caused by void orders, including the fair market value of Plaintiff's loss of use of 1606 Beach Boulevard from July 2025 to present;

(k) Award compensatory damages for loss of financing caused by Defendant Ready's void orders and the ongoing litigation they necessitated;

(l) Award compensatory damages for construction delay damages, including increased material costs, labor costs, contractor penalties, and opportunity costs caused by the void Stop Work Order and Cease and Desist Order;

(m) Award compensatory damages for loss of use of the property at 1606 Beach Boulevard, measured by the fair rental value during the period of deprivation;

(n) Award compensatory damages for the dissolution of Plaintiff's marriage caused by the stress, financial strain, and emotional toll of Defendant Ready's conduct;

(o) Award compensatory damages for civil conspiracy to retaliate against Plaintiff for exercising his constitutional right to file a federal lawsuit (COUNT VII);

(p) Award compensatory damages for due process violations arising from pre-trial fraud and the use of void process, in violation of the Mississippi Constitution, Art. 3, § 14 (COUNT VIII);

(q) Award compensatory damages for denial of Plaintiff's due process right to confront his accuser, in violation of the Mississippi Constitution, Art. 3, §§ 14 and 26 (COUNT VI);

(r) Award all other compensatory damages proven at trial, including but not limited to costs incurred in collateral proceedings and expert witness fees;

**NOMINAL DAMAGES:**

(s) Award nominal damages for the violation of Plaintiff's procedural due process rights, pursuant to *Carey v. Piphus*, 435 U.S. 247 (1978) (recognizing that nominal damages are appropriate for due process violations even absent proof of actual injury);

**PUNITIVE DAMAGES:**

(t) Award punitive damages pursuant to Miss. Code Ann. § 11-1-65 for Defendant Ready's knowing and willful ultra vires conduct, fraud upon the court, pre-trial fraud, denial of due process, and civil conspiracy, upon a finding by clear and convincing evidence that Defendant Ready acted with actual malice, gross negligence evidencing willful, wanton, or reckless disregard for the rights of Plaintiff, or fraud, in an amount sufficient to punish and deter such conduct;

**ATTORNEY'S FEES AND COSTS:**

36

(u) Award reasonable attorney's fees pursuant to Miss. Code Ann. § 11-55-5 (Litigation Accountability Act) upon a showing that Defendant Ready's conduct in these proceedings lacked substantial justification, and as an incident to the award of punitive damages;

(v) Award costs of this action pursuant to Miss. R. Civ. P. 54(d);

**INTEREST:**

(w) Award post-judgment interest at the rate provided by Miss. Code Ann. § 75-17-7; and

**OTHER RELIEF:**

(x) Grant such other and further relief as this Court deems just and proper.

## VIII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

**Respectfully submitted** *this 26th day of January, 2026.*

**YURI PETRINI**
*Plaintiff, Pro Se*
929 Division Street
Biloxi, MS 39530
(305) 504-1323
contact@peoplevsbiloxi.com
ypetrini@my.loyno.edu

_____
Yuri Petrini

### CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2026, I filed the foregoing Complaint with the Clerk of the Circuit Court of Harrison County, Mississippi, First Judicial District, and that I will cause a copy of the same, together with a Summons, to be served upon the Defendant in accordance with the Mississippi Rules of Civil Procedure.

_____
Yuri Petrini

37



**DIGITAL EVIDENCE MANAGEMENT SYSTEM v4.2.1**

## HARRISON COUNTY CIRCUIT COURT
### FIRST JUDICIAL DISTRICT
### STATE OF MISSISSIPPI
**Petrini v. Ready**
Case No. Petrini v. Ready

## PLAINTIFF'S EXHIBITS

| | |
|---|---|
| **Report ID:** VDX-2026-0126-001 | **Generated:** January 26, 2026 at 14:05 |
| **Plaintiff:** Yuri Petrini | **Defendants:** Apryl Ready |
| **Exhibits:** EXHIBIT A — EXHIBIT L | **Hash Alg:** SHA-256 (FIPS 180-4) |

**CONFIDENTIAL – LITIGATION SENSITIVE**
Protected under M.R.C.P. 26(b)(3) as attorney work product. Evidence integrity verified via SHA-256. Origin authenticated via DKIM/SPF.
Unauthorized disclosure prohibited.

| PERSONNEL | |
|---|---|
| **Examiner:** Petrini, Yuri | **Access Level:** VDX-ALPHA |
| **Credential:** 0010101 (Primary Evidence Custodian) | **Privilege:** UNRESTRICTED |

| CONTROL | |
|---|---|
| **Controlled by:** VERIDEX SYSTEM | **Category:** LIT-EVID |
| **Dissemination:** M.R.C.P. 26(a) PARTIES | **Authority:** M.R.C.P. 26(g) |



SCAN TO VERIFY

## EXHIBIT PACKAGE
*All exhibits herein incorporated*
Pursuant to M.R.C.P. 10(c)
M.R.C.P. 56(c) & M.R.E. 1006 where applicable

# INDEX OF EXHIBITS
Case No. Petrini v. Ready

| Exhibit | Description | Pages |
|---|---|---|
| **EXHIBIT A** | Harenski Settlement Letter (Oct 1, 2025) | 1 |
| **EXHIBIT B** | Order of Dismissal (Sept 19, 2025) | 1 |
| **EXHIBIT C** | Cease and Desist Order (July 25, 2025) | 2 |
| **EXHIBIT D** | Creel Email – Pre Trial Diversion (Aug 8, 2025) | 1 |
| **EXHIBIT E** | Criminal Summons CC-51719 (July 9, 2025) | 2 |
| **EXHIBIT F** | Sworn Affidavits – Creel (July 10, 2025) | 3 |
| **EXHIBIT G** | Stop Work Order (June 30, 2025) | 1 |
| **EXHIBIT H** | Certified Abstract: Work Without Permit | 1 |
| **EXHIBIT I** | Certified Abstract: Failure to Comply | 1 |
| **EXHIBIT J** | Certified Abstract: Occupancy Without CO | 1 |
| **EXHIBIT K** | Fabricated Standing Order to Seal (Feb 7, 2022) | 3 |
| **EXHIBIT L** | Secret Pretrial Diversion Motion (July 25, 2025) | 1 |

**Total:** 12 exhibits, 18 pages

EXHIBIT A                          VERIDEX                          DOCUMENT

Harenski Settlement.pdf I 493.1 KB · SHA-256: 22b21c2366ff7d38...                    [VERIFIED]

**Municipal Court Judge**
Stephen Simpson

**Municipal Court Judge**
James Steele

**Municipal Court Judge**
Apryl Ready

**City Prosecutors**
Robert Harenski
Patrick Williams

**Biloxi**
*established 1699*

City of Biloxi
Municipal Court
170 Porter Avenue
Biloxi, MS 39530
Office: (228) 435-6125
Fax: (228) 435-6165
www.biloxi.ms.us
Email: court@biloxi.ms.us

October 1, 2025

Yuri Petrini
Yuri@megalipolisms.com

Re:    Summary of Court Ordered Conference between Yuri Petrini and Robert Harenski.
       Cause No.: 1:25-cv-254-LG-RPM.

Mr. Petrini:

Please allow this letter to confirm and summarize our Court Ordered meeting on September 30, 2025. In that meeting, we discussed that you would like my assurance that, if the City of Biloxi intends to file criminal charges against you in the future, you will be afforded due process protection. While we certainly believe you have received such due process for the prior charges, you have my assurance that:

1) If the City of Biloxi finds you to be in violation of a City Ordinance that provides for an opportunity for you to cure prior to the filing of criminal charge(s), you will be given notice of the alleged violation and an opportunity to cure said violation, prior to the filing of any charges against you.
2) Prior to any warrant being issued against you, a Prosecutor will review and approve the Criminal Affidavit going forward to the Judge.
3) Prior to any warrant being issued against you, Judge Ready (or, in her absence, another Municipal Court Judge) will review the Criminal Affidavit to determine whether probable cause exists to believe that (a) a crime has been committed, and (b) that you may have committed that crime.

It is also my understanding that for my extending these assurances to you, you will dismiss me from the pending litigation in Cause No.: 1:25-cv-254-LG-RPM, without prejudice, and not add me to any Amended Complaint that may be filed.

If I have misstated any part of our conversation, please let me know. Otherwise, please sign in the space provided below, and return it to me.

Respectfully,

Robert G. Harenski                              Yuri Petrini
Senior Municipal Prosecutor
City of Biloxi

CHAIN OF CUSTODY VERIFIED                                    Page 1/1

EXHIBIT B    .                                                    VERIDEX                                                    DOCUMENT

EXHIBIT_P_Order_of_Dismissal.pdf I 247.4 KB · SHA-256: 1f4bebae8a152cea...                                    [VERIFIED]

IN THE MUNICIPAL COURT FOR THE CITY OF BILOXI, MISSISSIPPI

CITY OF BILOXI                                                    PROSECUTION

VERSUS                                                    CASE/TICKET NO.: CC-51719

YURI PETRINI                                                    DEFENDANT

## ORDER OF DISMISSAL

THIS DAY, this matter came before this Court on agreement between the Prosecution, City of Biloxi, Mississippi, and the Defendant, Yuri Petrini, to dismiss the current action without prejudice; and this Court being fully advised in the premises finds the matter shall be dismissed without prejudice. It is therefore:

ORDERED, ADJUDGED, AND DECREED, that this action be dismissed without prejudice. It is further,

ORDERED, ADJUDGED, AND DECREED, that the Stop Work Order shall remain in full force and effect until either: (1) Yuri Petrini and the City of Biloxi's Community Development Department reach an agreement as to how the building will continue so that all safety concerns are addressed, or (2) A Court of competent jurisdiction makes a final determination as to whether Yuri Petrini can continue building; It is further,

ORDERED, ADJUDGED, AND DECREED, the Parties agree that neither Party is admitting to or accepting liability and agrees that each party reserves any and all rights provided for under law.

SO ORDERED, this the 19th day of September, 2025.

_____
Municipal Court Judge

_____
Municipal Prosecutor

**Yuri**
Defendant

**Petrini**

{ Digitally signed
  by Yuri Petrini
  Date: 2025.09.18
  08:59:39 -05'00'

CHAIN OF CUSTODY VERIFIED                                                    Page 1/1

**EXHIBIT C**                    VERIDEX                                    DOCUMENT

EXHIBIT_M_Cease_and_Desist.pdf | 651.3 KB · SHA-256: c2df95c535fbcd84...                    [VERIFIED]

IN THE MUNICIPAL COURT OF THE CITY OF BILOXI, MISSISSIPPI

CITY OF BILOXI

VS.                                                    CASE NO. CC-51719

YURI VINICIUS PETRINI DE MORAES

---

### ORDER

---

THIS MATTER came before the Court upon request of the chief building official for the City of Biloxi, Jerry Creel, for an emergency order, and, after a hearing on the request, this Court finds that property owner, Yuri Vinicius Petrini de Moraes, shall be ordered by this Court to cease and desist work on the property located at 1606 Beach Blvd., Biloxi, MS due to the following:

1. The owner of the property has failed to secure a permit for the installation of a swimming pool as required by the Biloxi Code of Ordinances.

2. Despite a stop work order having been issued by the chief building official for the City of Biloxi, the property owner has continued installation of a swimming pool on a significantly elevated deck attached to the structure.

3. The elevated deck on which the unpermitted pool has been placed, is significantly different than the plan originally submitted to the City of Biloxi, and additional engineering reports have been requested to address whether the elevated deck will support the weight of the swimming pool.

4. A Certificate of Occupancy has not been issued, and there is an ongoing danger to occupants, workers and surrounding property owners should the elevated deck collapse.

CHAIN OF CUSTODY VERIFIED                                    Page 1/2

EXHIBIT C                                    VERIDEX                                    DOCUMENT

EXHIBIT_M_Cease_and_Desist.pdf I 651.3 KB · SHA-256: c2df95c535fbcd84...                    [VERIFIED]

**IT IS THEFORE ORDERED AND ADJUDGED,** that the property owner shall be

enjoined from continuing work on the property located at 1606 Beach Blvd., Biloxi, MS until

such time as proper permits have been issued.

.ORDERED AND ADJUDGED, this the 25 day of July , 2025.

MUNICIPAL COURT JUDGE

CHAIN OF CUSTODY VERIFIED                                    Page 2/2

| EXHIBIT D | VERIDEX | DOCUMENT |
|---|---|---|
| EXHIBIT_R_Creel_Email.pdf I 83.2 KB · SHA-256: 3a1d8bf117921018... | | [VERIFIED] |

12/12/25, 11:59 PM                                Yuri Moraes Mail - Pre Trial Diversion Meeting

 Gmail                                 Yuri Petrini <yuri@megalopolisms.com>

### Pre Trial Diversion Meeting
1 message

Jerry Creel <jcreel@biloxi.ms.us>                                    Fri, Aug 8, 2025 at 2:08 PM
To: Yuri Petrini <yuri@megalopolisms.com>

Yuri,

I am responding to your earlier text message today concerning the Pre-Trial Diversion Meeting scheduled for today. At present, I am still

awaiting the report from the Consulting Structural Engineer that we engaged to review the plans you submitted recently for the elevated

deck structure. I have been assured that I will receive the report either today or early next week. Meeting before the report is received

would not be productive since we would not have any of the conclusions or recommendations from the structural engineer.

As soon as I receive the report and review the conclusions and recommendations, I will contact you to set up the Pre-Trial Diversion Meeting.

It should be in the next few days. If you have any questions, please let me know.

Thanks,

Jerry

https://mail.google.com/mail/u/1/?ik=fabb11e0cc&view=pt&search=all&permthid=thread-f:1839915445441258084%7Cmsg-f:18399154454412580848...    1/1

CHAIN OF CUSTODY VERIFIED                                                          Page 1/1

**EXHIBIT E**  VERIDEX  DOCUMENT

EXHIBIT_E_Criminal_Summons.pdf | 361.4 KB · SHA-256: 740e5c44003408ab...  [VERIFIED]

Biloxi Municipal Court
CITATION SUMMONS

| Community Development / Police Case Numbers: CC-51719 | Citation Number CC-00237 | Date 07/09/2025 | Time 9:05 |

Defendant Information (All personal identifiers must be complete for service, e.g., name, DOB, SSN & address)

| Last Name PETRINI DE MORAES | First Name YURI | Middle Name VINICIUS |

Current Address: 1606 BEACH BLVD

| Current Telephone Number ☐ None | DL/ID State ☐ None | Driver's License/ID Number | DL/ID Expiration Date |

| Age / Date of Birth | Social Security Number | Place of Employment ☐ Unemployed | Employment Phone Number |

| Parcel Number 1310L-04-152-002 | Violation Location: 1606 BEACH BLVD | |

| X | ORDINANCE # | Description |
|---|---|---|
| | IRC R114.4 | FAILURE TO COMPLY. |
| | IRC R110.1 | OCCUPYING A HOME WITHOUT AN APPROVED CERTIFICATE OF OCCUPANCY |
| | IRC R105.1 | PERMITS MUST BE OBTAINED FOR WORK TO BE PERFORMED ON A BUILDING OR STRUCTURE. |
| | | |
| | | |
| | | |
| | | |
| | | |

## SUMMONS

YURI VINICIUS PETRINI DE MORAES, IS HEREBY SUMMONED TO APPEAR IN THE MUNICIPAL COURT OF THE CITY OF BILOXI, LOCATED AT 170 PORTER AVENUE. PHONE 228-435-6125, TO ANSWER TO THE ABOVE CHARGE(S). I THE UNDERSIGNED, DO HEREBY ACCEPT THIS SUMMONS AND AGREE TO APPEAR IN THE MUNICIPAL COURT FOR THE CITY OF BILOXI, THE ARRAIGNMENT DATE BEING ON THE   25TH   DAY OF  JULY , 2025  AT 11:00 AM.

WARNING:  FAILURE TO APPEAR AS AGREED, MAY RESULT IN YOUR BEING FOUND IN CONTEMPT OF COURT AND A WARRANT MAY BE ISSUED FOR YOUR ARREST

SIGNATURE OF DEFENDANT: X _____

Before me _____ Deputy Court Clerk for the City of Biloxi

Officer Name  NEWELL _____ Badge #  77 _____ makes oath that the above

defendant was personally served with Citation summons for the above referenced violation(s) at 1606 BEACH BLVD Biloxi, MS _____, on the 11TH Day of July _____, 2025 at 11:10 AM/PM.

SIGNATURE OF OFFICER: William B. Newell #77 _____

Sworn to and subscribed before me this 11th day of July 2025 _____

Service Attempted / No Contact: (1st) Date _____ By _____ (2nd) Date _____ By _____

AMENDED 6/1/2023

entered AC

CHAIN OF CUSTODY VERIFIED  Page 1/2

| EXHIBIT E | VERIDEX | DOCUMENT |
|---|---|---|
| EXHIBIT_E_Criminal_Summons.pdf l 361.4 KB · SHA-256: 740e5c44003408ab... | | [VERIFIED] |

CRN# CC-51719                                                CE#

**AFFiDAVIT IRC R114.4 Failure to comply. Any person who shall continue any work after having been served with a stop work order, except such work as that person is directed to perform to remove a violation or unsafe condition, shall be subject to fines established by the authority having jurisdiction.**

STATE OF MISSISSIPPI
CITY OF BILOXI
COUNTY OF HARRISON

Before Me __Brooke Vanover___ (Deputy Court Clerk of the City of Biloxi)

Name: ____Jerry Creel_____ makes oath that:

Name: Yuri Vinicius Petrini De Moraes  Address: _1606 Beach Blvd._  Phone: _305-504-1323_ on or about

the _10th_ day of __July_ 2025, at _10_ o'clock (am/pm), in said City

did willfully and unlawfully violate City of Biloxi Ordinance # _IRC R114.4_____

by _Continuing work after having been served with a stop work order._____

_____
                                          AFFIANT

Sworn to and subscribed before me this the __10th__ day of _July_____, 2025.___

_____
                              (DEPUTY) COURT CLERK

CHAIN OF CUSTODY VERIFIED                                    Page 2/2

EXHIBIT F                                    VERIDEX                                    DOCUMENT

EXHIBIT_F_Sworn_Affidavits.pdl I 375.3 KB · SHA-256: fbb1e8425d7d3606...                    [VERIFIED]

CRN# CC-51719        work without a permit        CE#

AFFIDAVIT IRC R105.1 Permits required. Any owner or owner's authorized agent who intends to construct, enlarge, alter, repair, move, demolish or change the occupancy of a building or structure, or to erect, install, enlarge, alter, repair, remove convert or replace any electrical, gas, mechanical or plumbing system, the installation of which is regulated by this code, or to cause any such work to be performed, shall first make application to the building official and obtain the required permit.

STATE OF MISSISSIPPI
CITY OF BILOXI
COUNTY OF HARRISON

Before Me_Brooke Vanover_____(Deputy Court Clerk of the City of Biloxi)

Name: _____Jerry Creel_____ makes oath that:

Name: Yuri Vinicius Petrini De Moraes  Address: _1606 Beach Blvd._  Phone: _305-504-1323_ on or about

the _10th_ day of_July 2025, at _10_ o'clock (am/pm), in said City

did willfully and unlawfully violate City of Biloxi Ordinance # _IRC R105.1_____

by .the unfinished deck structure was not built according to the engineered drawings that were reviewed and approved for

_a building permit._____

_____
                                           AFFIANT

Sworn to and subscribed before me this the _10th_ day of _July_____, 2025___

_____
                    (DEPUTY) COURT CLERK

| EXHIBIT F | VERIDEX | DOCUMENT |
|---|---|---|
| EXHIBIT_F_Sworn_Affidavits.pdf | 375.3 KB · SHA-256: fbb1e8425d7d3606... | | [VERIFIED] |

CRN# CC-51719          CE# _____

**AFFIDAVIT IRC R110.1 Use and change of occupancy. A building or structure shall not be used or occupied in whole or in part, and a change of occupancy of a building or structure or portion thereof shall not be made, until the building official has issued a certificate of occupancy therefor as provided herein.**

STATE OF MISSISSIPPI
CITY OF BILOXI
COUNTY OF HARRISON

Before Me _Brooke Vanover____ (Deputy Court Clerk of the City of Biloxi)

Name: ____Jerry Creel_____ makes oath that:

Name: _Yuri Vinicius Petrini De Moraes_ Address: _1606 Beach Blvd._ Phone: _305-504-1323_ on or about

the _10th_ day of _July_ 2025, at _10_ o'clock (am/pm), in said City

did willfully and unlawfully violate City of Biloxi Ordinance # _IRC R110.1_____

by _occupying a residence prior to a certificate of occupancy being issued by the building official._____

_____
AFFIANT

Sworn to and subscribed before me this the _10th_ day of _July_ _2025___

_____
(DEPUTY) COURT CLERK

EXHIBIT F                                    VERIDEX                                    DOCUMENT

EXHIBIT_F_Sworn_Affidavits.pdf I 375.3 KB  ·  SHA-256: fbb1e8425d7d3608...                    [VERIFIED]

CRN# CC-51719    work w/out a permit    CE#

AFFIDAVIT IRC R105.1 Permits required. Any owner or owner's authorized agent who intends to construct, enlarge, alter, repair, move, demolish or change the occupancy of a building or structure, or to erect, install, enlarge, alter, repair, remove convert or replace any electrical, gas, mechanical or plumbing system, the installation of which is regulated by this code; or to cause any such work to be performed, shall first make application to the building official and obtain the required permit.

STATE OF MISSISSIPPI
CITY OF BILOXI
COUNTY OF HARRISON

Before Me __Brooke Vanover___ (Deputy Court Clerk of the City of Biloxi)

Name: ___Jerry Creel_____ makes oath that:

Name: _Yuri Vinicius Petrini De Moraes_ Address: __1606 Beach Blvd._ Phone: __305-504-1323_ on or about

the _10th_ day of __July_ 2025, at _10_ o'clock (am/pm), in said City

did willfully and unlawfully violate City of Biloxi Ordinance # _IRC R105.1_____

by _installing a swimming pool without a permit being issued._____

_____ **AFFIANT**

Sworn to and subscribed before me this the __10th__ day of _July_ 2025

_____ (DEPUTY) COURT CLERK

CHAIN OF CUSTODY VERIFIED                                                    Page 3/3

EXHIBIT G                                    VERIDEX                                    DOCUMENT

EXHIBIT_G_Stop_Work_Order.pdf l 183.8 KB · SHA-256: 7f265a417b2a2e57...                              [VERIFIED]

**Community Development Director**
**Jerry Creel**

676 Dr. Martin Luther King Jr. Blvd.
P.O. Box 508
Biloxi, Mississippi 39533
Office: 228.435.6280
Fax: 228.435.6188
www.biloxi.ms.us

# Biloxi.
*established 1699*

June 30, 2025

To Whom it May Concern:

The purpose of this letter is to inform you that a Stop Work Order (IRC R114.2) is being issued today for the residential structure located at 1606 Beach Boulevard.

This action is deemed necessary for the following reasons:

1. It has been reported that you are occupying the house without an approved Certificate of Occupancy (IRC R110.1).
2. The unfinished deck structure was not built according to the engineered drawings that were reviewed and approved for a building permit (IRC R105.1)
3. The swimming pool is being installed without a permit being issued (IRC R105.1).

All unpermitted work is to cease immediately until the violations have been resolved. Please call me to discuss a resolution to resume construction.

Sincerely,

Jerry Creel, Building Official
Community Development
228-435-6280
City of Biloxi

JC/bnv

CHAIN OF CUSTODY VERIFIED                                                    Page 1/1

| EXHIBIT H | VERIDEX | DOCUMENT |
|---|---|---|
| ABSTRACT_CC51719_CHARGE1_WORK_WITHOUT_PERMIT.pdf I 47.3 KB · SHA-256: b542f273feb04dd1... | | [VERIFIED] |

STATE OF MISSISSIPPI
ABSTRACT OF COURT RECORD
BILOXI MUNICIPAL COURT
BILOXI, MS 39530

COUNTY OF HARRISON          AGENCY CODE MS0240100          CASE #: CC-51719

DEFENDANT   INFORMATION

NAME: YURI VINICIUS PETRINI DE MORAES

RACE:  SEX:  DOB:

ADDRESS: 1606 BEACH BLVD
BILOXI, MS 39530

CHARGED WITH MISDEMEANOR: §5-1-1 FAILURE TO COMPLY
DATE OF ARREST: 7/09/2025  TRIAL DATE: 09/19/2025
LOCATION OF ARREST: THE 1606 BLOCK OF BEACH BLVD
CHARGES WERE FILED BY OFFICER: CITZEN CITZEN    BADGE #:  0000
AGENCY: BILOXI POLICE DEPT
DEFENDANT ENTERED A PLEA OF: NOT GUILTY   PLEA DATE: 7/25/2025
DEFENDANT WAS FINED: $0.00          VERDICT: DISMISSED WITHOUT PREJUDICE
ATTORNEY OF RECORD:
SENTENCE: ORDERED, AJUDGED, AND DECREED -DISMISS WITHOUT PREJUDICE

JUDGE:  APRYL READY

I, certify this to be a true and correct copy of my court record as recorded in
Docket 2500007236  Citation number: CC-00237

This the 12th day of January, 2026.

_Taylor Johnston_

Deputy Court Clerk

CHAIN OF CUSTODY VERIFIED                                         Page 1/1

| EXHIBIT I | VERIDEX | DOCUMENT |
|---|---|---|
| ABSTRACT_CC51719_CHARGE2_FAILURE_TO_COMPLY.pdf I 49.7 KB · SHA-256: a30aec533ffc7bed... | | [VERIFIED] |

STATE OF MISSISSIPPI
ABSTRACT OF COURT RECORD
BILOXI MUNICIPAL COURT
BILOXI, MS 39530

COUNTY OF HARRISON          AGENCY CODE MS0240100          CASE #: CC-51719

### DEFENDANT INFORMATION

NAME: YURI VINICIUS PETRINI DE MORAES

RACE:  SEX:  DOB:

ADDRESS: 1606 BEACH BLVD
          BILOXI, MS 39530

CHARGED WITH MISDEMEANOR: §5-1-1 OCCUPYING A HOME W/OUT APPROVED CERTIF OF OCCUPANCY
DATE OF ARREST: 7/09/2025   TRIAL DATE: 09/19/2025
LOCATION OF ARREST: THE 1606 BLOCK OF BEACH BLVD
CHARGES WERE FILED BY OFFICER: CITZEN CITZEN      BADGE #:  0000
AGENCY: BILOXI POLICE DEPT
DEFENDANT ENTERED A PLEA OF: NOT GUILTY   PLEA DATE: 7/25/2025
DEFENDANT WAS FINED: $0.00          VERDICT: DISMISSED WITHOUT PREJUDICE
ATTORNEY OF RECORD:
SENTENCE: ORDERED, AJUDGED, AND DECREED -DISMISS WITHOUT PREJUDICE

JUDGE:  APRYL READY

I, certify this to be a true and correct copy of my court record as recorded in
Docket 2500007236  Citation number: CC-00237

This the 12th day of January, 2026.

*Tayler Tabstn*
_____
Deputy Court Clerk

CHAIN OF CUSTODY VERIFIED                                   Page 1/1

| EXHIBIT J | VERIDEX | DOCUMENT |
|---|---|---|
| ABSTRACT_CC51719_CHARGE3_OCCUPANCY_WITHOUT_CO.pdf 1 48.1 KB · SHA-256: f8a3b4556225d4c8... | | [VERIFIED] |

STATE OF MISSISSIPPI
ABSTRACT OF COURT RECORD
BILOXI MUNICIPAL COURT
BILOXI, MS 39530

COUNTY OF HARRISON        AGENCY CODE MS0240100        CASE #: CC-51719

DEFENDANT INFORMATION

NAME: YURI VINICIUS PETRINI DE MORAES

RACE:   SEX:   DOB:

ADDRESS: 1606 BEACH BLVD
              BILOXI, MS 39530

CHARGED WITH MISDEMEANOR: §5-1-5 WORK WITHOUT A PERMIT
DATE OF ARREST: 7/09/2025  TRIAL DATE: 09/19/2025
LOCATION OF ARREST: THE 1606 BLOCK OF BEACH BLVD
CHARGES WERE FILED BY OFFICER: CITZEN CITZEN    BADGE #: 0000
AGENCY: BILOXI POLICE DEPT
DEFENDANT ENTERED A PLEA OF: NOT GUILTY  PLEA DATE: 7/25/2025
DEFENDANT WAS FINED: $0.00        VERDICT: DIMISSED WITHOUR PREJUDICE
ATTORNEY OF RECORD:
SENTENCE: ORDERED, AJUDGED, AND DECREED -DISMISS WITHOUT PREJUDICE

JUDGE:  APRYL READY

I, certify this to be a true and correct copy of my court record as recorded in
Docket 2500007236  Citation number: CC-00237

This the 12th day of January, 2026.

_Taylor Johnston_

Deputy Court Clerk

CHAIN OF CUSTODY VERIFIED                                          Page 1/1

| EXHIBIT K | VERIDEX | DOCUMENT |
|---|---|---|
| EXHIBIT_B_Fabricated_Order_Feb_7_2022.pdf I 667.4 KB · SHA-256: ca0fc0c318a0b99d... | | [VERIFIED] |

## IN THE MUNICIPAL COURT FOR THE CITY OF BILOXI, MISSISSIPPI

| | |
|---|---|
| CITY OF BILOXI | PROSECUTION |
| VERSUS | CAUSE NO.: CC-51719 |
| YURI VINICIUS PETRINI DE MORAES | DEFENDANT |

### MOTION TO SEAL AND RESTRICT USE OF DISCOVERY

COMES NOW, the undersigned Prosecutor(s) for the City of Biloxi, Mississippi, and move this Honorable Court for an Order Sealing and Restricting Use of Discovery. In support of said Motion, the Prosecution would show unto this Honorable Court the following, to-wit:

1. The above named Defendant (or Defendant's Attorney) has requested, and is entitled to, certain discovery in the above referenced matter.

2. The Prosecution seeks an Order that all discovery in the above captioned matter be sealed and it's use restricted to the Defendant, Defendant's Attorney and/or any expert witnesses retained in anticipation of litigation.

3. This Motion is filed due to the Prosecutors' concern that releasing the discovery material/evidence to the general public would:

    A. Possibly taint the memory and testimony of witnesses at trial.

    B. Be taken out of context and without explanation, causing possible community anger and physical danger to the parties involved.

    C. Make potential witnesses afraid to appear in Court and testify.

    D. Jeopardize possible ongoing investigations/prosecutions of other individuals.

    E. All of the above could greatly prejudice the rights of the Defendant and the Prosecution to a fair trial.

WHEREFORE, PREMISES CONSIDERED, the undersigned Municipal Prosecutor(s) pray that this Honorable Court will enter an Order that all discovery in the above captioned matter be sealed and it's use restricted to the Defendant, Defendant's Attorney and/or any expert witnesses retained in anticipation of litigation – pending further Order of this Court.

RESPECTFULLY SUBMITTED, this the 7th day of February, 20 22.

| | |
|---|---|
| Robert G. Harenski | Steven Eckert |
| Biloxi Municipal Prosecutor | Biloxi Municipal Prosecutor |

CHAIN OF CUSTODY VERIFIED                                    Page 1/3

| EXHIBIT K | VERIDEX | DOCUMENT |
| --- | --- | --- |
| EXHIBIT_B_Fabricated_Order_Feb_7_2022.pdf I 667.4 KB · SHA-256: ca0fc0c318a0b99d... | | [VERIFIED] |

IN THE MUNICIPAL COURT FOR THE CITY OF BILOXI MISSISSIPPI

CITY OF BILOXI                                                    PROSECUTION

VERSUS                                                    CAUSE NO: CC-51719

YURI VINICIUS PETRINI DE MORAES                                DEFENDANT

## STANDING ORDER TO SEAL AND RESTRICT USE OF DISCOVERY

On the Motion of the Prosecutor(s) for the city of Biloxi, Mississippi to move this Court for an Order Sealing and Restricting Use of Discovery, the Court finds said Motion is well taken and should be sustained. It is therefore,

1. ORDERED AND ADJUDGED, that all discovery to include written or video material, in the above captioned matter shall be sealed and it's use restricted to the Defendant, Defendant's Attorney and/or any expert witnesses retained in anticipation of litigation. It is further,

2. ORDERED AND ADJUDGED, that no disemination by copying or electronic means, in any fashion of such printed or video discovery, shall be made. It is further,

3. ORDERED AND ADJUDGED, that violation of this order shall be subject to contempt of court penalties to include fines, incarceration or both.

ORDERED AND ADJUDGED This the ___7___ Day of __February__, 20_22_.

_____
MUNICIPAL COURT JUDGE

CHAIN OF CUSTODY VERIFIED                                        Page 2/3

| EXHIBIT K | VERIDEX | DOCUMENT |
|---|---|---|
| EXHIBIT_B_Fabricated_Order_Feb_7_2022.pdf I 667.4 KB · SHA-256: ca0fc0c318a0b99d... | | [VERIFIED] |

# DISPOSITION SHEET

DEFENDANT: PETRINI DE MORAES, YURI VINICIUS   CITATION NO: CC-00237   CASE NO: CC-51719

Plea Date: 7/25/2025          ☐ Cash Bond          ☐ Interpreter

| TR 9·26·25 | | | | | | | |
|---|---|---|---|---|---|---|---|
| SR ✓ | | | | | | | |

OTHER

OTHER

WORK WITHOUT A PERMIT

NOTES: 7/25/2025 - ~~8~~ 8/1/2025 - PTD, Trial 8/22/2025, 7/25/2025 - ⊕ Cease + desist order entered.

## JUDGMENT

CHARGE 1:_____

CHARGE 2:_____

CHARGE 3:_____

CHARGE 4:_____

CHARGE 5:_____

DUI: INTERLOCK FUND: ☐ $50 (Conviction) ☐ $250 (Non-Adj)    ☐ LAB $300   ☐ MASEP ☐ VIP

DOMESTIC VIOLENCE: ☐ ANGER MANAGEMENT   ☐ DVIP          ☐ RESTRAINING ORDER

NON - ADJUDICATION: ☐ PENDING   ☐ GRANTED ☐ DENIED         ☐ ANKLE MONITORING

JUDGE:_____ DATE:_____

PROSECUTOR: ☐ Robert Harenski  ☐ Patrick Williams  ☐ Other_____

INDIGENT: ☐ Yes ☐ No   DEFENSE ATTORNEY:_____ DISCOVERY:_____

| BD | | | | | | | |
|---|---|---|---|---|---|---|---|

Eff. 3/18/2025

CHAIN OF CUSTODY VERIFIED                                                          Page 3/3

| EXHIBIT L | VERIDEX | IMAGE |
|---|---|---|

EXHIBIT_N_Pretrial_Diversion.png | 1.4 MB · SHA-256: ecc5ca945a1eee73...    [VERIFIED]

IN THE MUNICIPAL COURT FOR THE CITY OF BILOXI, MISSISSIPPI

CITY OF BILOXI                                          PROSECUTION

VERSUS                                      CAUSE NO.: CC-51719

YURI PETRINI DE MORAES                           DEFENDANT

### MOTION TO REFER CASE FOR PRE-TRIAL DIVERSION

COMES NOW, the undersigned Prosecutor for the City of Biloxi, and, after having reviewed the facts and allegations, moves this Honorable Court to refer this matter for Pre-Trial Diversion.

RESPECTFULLY SUBMITTED, this the 25TH day of JULY, 2025.

Robert G. Harenski, MSB #10037
Senior Municipal Prosecutor for the
City of Biloxi

### ORDER REFERING CASE FOR PRE-TRIAL DIVERSION

THIS DAY, this Cause came on to be heard upon the Prosecution's Motion to Refer Case for Pre-Trial Diversion. The Court finds that the Motion should be ✓ GRANTED / ___ DENIED.

It is therefore, ORDERED, the Case is hereby referred for Pre-Trial Diversion. The Defendant is Ordered to attend the Pre-Trial Diversion Conference on 08TH DAY OF AUGUST 2025, at 10:00 A.M. at the Community Development Department for the City of Biloxi, located at 676 Dr. Martin Luther King, Jr. Boulevard, Biloxi, Mississippi 39530. 228-435-0841

It is further ORDERED, that if the Defendant fails to appear for the scheduled Pre-Trial Diversion Conference, this Case is to be immediately placed on the Criminal Docket, and prosecuted accordingly.

So ORDERED, this the 25TH day of JULY, 2025.

HONORABLE APRYL READY
MUNICIPAL COURT JUDGE

CHAIN OF CUSTODY VERIFIED                                        Page 1/1

| COVER SHEET<br>**Civil Case Filing Form**<br>*(To be completed by Attorney/Party*<br>*Prior to Filing of Pleading)* | Court Identification Docket # | Case Year | Docket Number |
|---|---|---|---|

**COVER SHEET**
**Civil Case Filing Form**
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

Court Identification Docket #
County # | Judicial District | Court ID (CH, CI, CO)

LPB

Local Docket ID

Mississippi Supreme Court          Form AOC/01
Administrative Office of Courts     (Rev 2020)

Month    Date    Year
This area to be completed by clerk

Case Number if filed prior to 1/1/94

In the **CIRCUIT**     Court of **HARRISON**     County  —  **FIRST**  **Judicial District**

**Origin of Suit** (Place an "X" in one box only)
[✓] Initial Filing  [ ] Reinstated  [ ] Foreign Judgment Enrolled  [ ] Transfer from Other court  [ ] Other
[ ] Remanded  [ ] Reopened  [ ] Joining Suit/Action  [ ] Appeal

**Plaintiff** - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form
Individual **Petrini**          **Yuri**
Last Name          First Name          Maiden Name, if applicable          M.I.          Jr/Sr/III/IV

____ Check (x) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of ____

____ Check (x) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity
D/B/A or Agency ____

**Business** ____
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated
____ Check (x) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A ____

Address of Plaintiff  **929 Division Street, Biloxi, MS 39530**

Attorney (Name & Address)          MS Bar No. ____
✓ Check (x) if Individual filing initial Pleading is NOT an attorney
Signature of Individual Filing:

**Defendant** - Name of Defendant - Enter Additional Defendants on Separate Form
Individual **Ready**          **Apryl**
Last Name          First Name          Maiden Name, if applicable          M.I.          Jr/Sr/III/IV

____ Check (x) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of ____

____ Check (x) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency ____

**Business** ____
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated
____ Check (x) if Business Defendant is acting in the name of an entity other than the above, and enter below:
D/B/A ____

Attorney (Name & Address) - If Known          MS Bar No. ____

____ Check (x) if child support is contemplated as an issue in this suit.*
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet
**Nature of Suit** (Place an "X" in one box only)

**Domestic Relations**
[ ] Child Custody/Visitation
[ ] Child Support
[ ] Contempt
[ ] Divorce:Fault
[ ] Divorce: Irreconcilable Diff.
[ ] Domestic Abuse
[ ] Emancipation
[ ] Modification
[ ] Paternity
[ ] Property Division
[ ] Separate Maintenance
[ ] Term. of Parental Rights-Chancery
[ ] UIFSA (eff 7/1/97; formerly URESA)
[ ] Other ____

**Appeals**
[ ] Administrative Agency
[ ] County Court
[ ] Hardship Petition (Driver License)
[ ] Justice Court
[ ] MS Dept Employment Security
[ ] Municipal Court
[ ] Other ____

**Business/Commercial**
[ ] Accounting (Business)
[ ] Business Dissolution
[ ] Debt Collection
[ ] Employment
[ ] Foreign Judgment
[ ] Garnishment
[ ] Replevin
[ ] Other ____

**Probate**
[ ] Accounting (Probate)
[ ] Birth Certificate Correction
[ ] Mental Health Commitment
[ ] Conservatorship
[ ] Guardianship
[ ] Joint Conservatorship & Guardianship
[ ] Heirship
[ ] Intestate Estate
[ ] Minor's Settlement
[ ] Muniment of Title
[ ] Name Change
[ ] Testate Estate
[ ] Will Contest
[ ] Alcohol/Drug Commitment (Involuntary)

[ ] Alcohol/Drug Commitment (Voluntary)
[ ] Other ____

**Children/Minors - Non-Domestic**
[ ] Adoption - Contested
[ ] Adoption - Uncontested
[ ] Consent to Abortion
[ ] Minor Removal of Minority
[ ] Other ____

**Civil Rights**
[ ] Elections
[ ] Expungement
[ ] Habeas Corpus
[ ] Post Conviction Relief/Prisoner
[ ] Other ____

**Contract**
[ ] Breach of Contract
[ ] Installment Contract
[ ] Insurance
[ ] Specific Performance
[ ] Other ____

**Statutes/Rules**
[ ] Bond Validation
[ ] Civil Forfeiture
[✓] Declaratory Judgment
[✓] Injunction or Restraining Order
[ ] Other ____

**Real Property**
[ ] Adverse Possession
[ ] Ejectment
[ ] Eminent Domain
[ ] Eviction
[ ] Judicial Foreclosure
[ ] Lien Assertion
[ ] Partition
[ ] Tax Sale: Confirm/Cancel
[ ] Title Boundary or Easement
[ ] Other ____

**Torts**
[ ] Bad Faith
[✓] Fraud
[✓] Intentional Tort
[ ] Loss of Consortium
[ ] Malpractice - Legal
[ ] Malpractice - Medical
[ ] Mass Tort
[ ] Negligence - General
[ ] Negligence - Motor Vehicle
[ ] Premises Liability
[ ] Product Liability
[ ] Subrogation
[ ] Wrongful Death
[ ] Other ____

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

**YURI PETRINI**                                                         **PLAINTIFF**
**VS.**                                               CAUSE NO.: A2401-26-028

**APRYL READY, Individual**                                             **DEFENDANT**

### SUMMONS

STATE OF MISSISSIPPI
COUNTY OF HARRISON

TO:

    Apryl Ready
    170 Porter Avenue
    Biloxi, Mississippi 39530

### NOTICE TO DEFENDANT(S)

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand deliver a copy of a written response to the Complaint to Yuri Petrini, Plaintiff Pro Se, whose mailing address is 929 Division Street, Biloxi, Mississippi 39530 and whose street address is 929 Division Street, Biloxi, Mississippi 39530, phone: 3055041323 email: yuri@megalopolisms.com

Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this the 27th day of January 2026

Clerk of Harrison County, Mississippi

JUSTIN WETZEL, CIRCUIT CLERK
HARRISON COUNTY
PO BOX 998
GULFPORT, MS 39502

(Seal)
Presented

## PROOF OF SERVICE—SUMMONS
(Process Server)

**NAME OF PERSON OR ENTITY SERVED: Apryl Ready**

I, the undersigned process server, served the Summons and Complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

[ ]    **FIRST CLASS MAIL AND ACKNOWLEDGEMENT SERVICE.** By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgement and return envelope, postage prepaid, addressed to the sender (Attach completed acknowledgment of receipt pursuant to M.R.C.P. Form 1B).

[ ]    **PERSONAL    SERVICE:**        I    personally    delivered    copies    to _____ on the _____ day of _____, 20___, where I found him/her in _____ County, State of _____.

[ ]    **RESIDENCE SERVICE:** After exercising reasonable diligence I was unable to deliver copies   to   said   person   within   _____   County,   State   of _____. I served the Summons and Complaint on the ___ day of _____, 20____, at the usual place of abode of the said person by leaving a true copy with _____, who is the _____ (wife, husband, son, daughter or other person as the case may be) of said individual and a member of his/her family over the age of sixteen (16) years who was willing to receive the same on his/her behalf. I mailed, by first class mail, postage prepaid, copies to the person at his/her usual place of abode where the copies were left.

[ ]    **CERTIFIED MAIL SERVICE:** By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served. (Attach signed return receipt or the return envelope marked "Refused.")

At the time of service, I was at least eighteen (18) years of age and not a party to this action.

Fee for service: $_____ . _____

Process server must list below: [Please print or type]

Name: _____
Social Security No. _____
Address: _____

_____
Telephone No._____



FILED
MAR 02 2026
JUSTIN WETZEL
CIRCUIT CLERK
BY _____ D.C.

**IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI**
**FIRST JUDICIAL DISTRICT**

YURI PETRINI
    **Plaintiff,**
v.                                                                    Civil Action No. A2401-2026-00028
APRYL READY, INDIVIDUALLY.
    **Defendant.**

### FIRST AMENDED COMPLAINT

Plaintiff Yuri Petrini, proceeding pro se, files this First Amended Complaint pursuant to Mississippi Rule of Civil Procedure 15(a), superseding the Complaint filed January 27, 2026 in its entirety, and alleges as follows:

A municipal court judge issued a cease and desist order from a criminal arraignment — a remedy her court has no statutory power to impose, in a subject matter her court has no jurisdiction to reach, void the instant it was uttered. She stripped Plaintiff of property and liberty at that same proceeding without arraignment, without notice of charges, without permitting him to speak in his own defense, and without providing copies of the orders she imposed — a proceeding indistinguishable from punishment imposed without trial. She fraudulently coerced Plaintiff into a pre-trial diversion through secret ex parte proceedings, with criminal docket consequences stated in a secret order that was never announced, never served, and never even provided in copy on that day — an order Plaintiff obtained only through a public records request. The pre-trial diversion itself was one the Building Official confessed was never intended to occur, and which did not occur despite Plaintiff's efforts to attend. She then dismissed every charge and maintained the restrictions anyway, condemning Plaintiff's property to indefinite limbo under the authority of a case that no longer existed. The arithmetic of her independence is devastating: one hundred percent of her judicial income flows from the City of Biloxi, each payment approved by Pete Abide — a defendant in Plaintiff's federal lawsuits — and she sat in judgment without disclosure and without recusal. Her defense counsel is Abide's defense counsel, the same Boyce Holleman, an identity of legal representation between judge and litigant that

1

betrays an identity of interest. The case file contains its own confession: a Standing Order to Seal bearing a date forty months before anyone filed a complaint, a document that could not have been generated for a case that did not yet exist — temporal proof of fabrication embedded in the official record.

## I. PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Yuri Petrini and Defendant Apryl Ready, a Biloxi municipal court judge sued individually, reside in Harrison County. Jurisdiction lies under Mississippi Code § 9-7-81; venue is proper under Mississippi Code § 11-11-3.

## II. FACTS

2. On July 9, 2025, the City filed Case No. CC-51719 against Plaintiff; the summons bears the same date.

3. On June 6, 2025, Plaintiff filed a federal civil rights action against the City of Biloxi and several of its officials, styled *Petrini v. City of Biloxi*, Case No. 1:25-cv-00178-LG-RPM, in the United States District Court for the Southern District of Mississippi. On July 7, 2025, Plaintiff filed a second federal civil rights action, Case No. 1:25-cv-00233-LG-RPM, in the same court. The City filed CC-51719 on July 9, 2025 — thirty-three days after the first federal complaint and two days after the second.

4. The criminal affidavits were sworn July 10, 2025.

5. CC-51719 contains a "Standing Order to Seal" dated February 7, 2022.

6. The Standing Order to Seal bearing the date of February 7, 2022 did not originate in CC-51719. On that date, CC-51719 did not exist. The order originated in a separate municipal court proceeding that was pending before the Biloxi Municipal Court on February 7, 2022.

7. The original Standing Order to Seal bears the signature of a municipal court judge who retired from the bench in June 2025 — one month before CC-51719 was filed.

2

**8.** The copy of the Standing Order to Seal appearing in the CC-51719 file is not the original document. It is an edited reproduction of the order described in paragraphs 6 and 7, modified and inserted into a case file that did not exist when the order was purportedly issued. The chain of alteration is documented.

**9.** On July 25, 2025, Defendant presided over CC-51719 and issued a cease and desist order against Plaintiff.

**10.** The full text of Mississippi Code § 21-23-7 limits municipal court jurisdiction to criminal and ordinance violation matters, with limited civil jurisdiction solely for domestic abuse protection orders.

**11.** On July 25, 2025, Defendant issued a pre-trial diversion order with "mandatory placement."

**12.** Defendant did not provide Plaintiff copies of the cease and desist order or diversion order at the proceeding.

**13.** On July 28, 2025, Plaintiff requested copies in person at the Municipal Court building from Taylor, the Municipal Court Clerk.

**14.** Taylor refused to provide copies and stated Jerry Creel possessed the documents.

**15.** Plaintiff objected and attempted to file a police report at the Biloxi Police Department, located in the same building.

**16.** The police officer called Taylor. Taylor, over the phone, directed the police officer that Creel had the documents.

**17.** The police officer refused to open a police report for the withholding of court orders that jeopardized Plaintiff's freedom.

**18.** Jerry Creel was the complaining witness in Case No. CC-51719.

**19.** On July 28, 2025, Plaintiff contacted Jerry Creel directly; Creel also refused to provide any documentation regarding the court orders.

**20.** City attorneys likewise refused to provide Plaintiff with copies of the orders.

3

21. Plaintiff obtained copies only through a public records request submitted July 28, 2025. The City responded on July 30, 2025.

22. No diversion agreement was signed.

23. No counsel represented Plaintiff at the July 25, 2025 proceeding.

24. At the July 25, 2025 proceeding, Defendant neither arraigned Plaintiff nor advised him of his right to counsel. Plaintiff was forced to self-arraign on the record.

25. The recording of the July 25, 2025 proceeding confirms that Defendant failed to properly arraign any defendant or advise any defendant of the right to counsel.

26. Defendant issued the cease and desist order and mandatory diversion at this proceeding — before arraignment and before adjudication of the charges.

27. Plaintiff objected on the record to Defendant's lack of jurisdiction to issue a cease and desist order.

28. Plaintiff argued on the record that municipal court lacked injunctive powers.

29. Plaintiff objected repeatedly to the absence of due process and his inability to present evidence.

30. Across two occasions before the bench, Plaintiff raised objections more than a dozen times.

31. Defendant permitted the prosecutor and Building Official Jerry Creel to testify and argue for the cease and desist order.

32. Defendant denied Plaintiff any opportunity to contest their testimony or present evidence, including engineering reports Plaintiff had brought to the proceeding.

33. Plaintiff informed Defendant on the record that the criminal affidavits were perjured — they alleged Plaintiff committed actions at the property during periods when Plaintiff was in California for surgery. Plaintiff departed on or before July 7, 2025 and did not return to Mississippi until after the summons had already been issued and served.

34. Plaintiff informed Defendant on the record that on July 11, 2025, the summons and affidavits were delivered by two police officers in an act of intimidation — marking the second

4

deployment of police to Plaintiff's property in connection with the code enforcement matter, after Plaintiff had already informed the City that such conduct was egregious.

35. Plaintiff informed Defendant on the record that during the prior deployment, officers held their weapons in tactical position, that this excessive show of force was recorded, and that the recording documented the intimidation.

36. Plaintiff informed Defendant on the record that the four alleged code violations were not codified as criminal ordinances under Biloxi municipal law, were not criminal offenses, and could not lawfully be prosecuted in criminal court.

37. Plaintiff stated on the record that the criminal prosecution in CC-51719 constituted retaliation by the City for his filing of two federal civil rights lawsuits against the City of Biloxi and its officials, including individuals responsible for initiating and maintaining the prosecution.

38. Despite being informed of the perjured affidavits, the intimidation tactics, the excessive force, and the non-criminal nature of the alleged violations, Defendant proceeded with the prosecution and issued her ultra vires orders.

39. Plaintiff moved to disqualify the prosecutor; Defendant never ruled on it.

40. Defendant granted Plaintiff's discovery motion.

41. No discovery was produced before all charges were dismissed.

42. Plaintiff moved to compel discovery; Defendant never ruled on those motions.

43. On September 19, 2025, Defendant signed an Order of Dismissal terminating all charges.

44. The Order provides that restrictions "shall remain in effect until... a Court of competent jurisdiction makes a final determination."

45. On October 1, 2025, the Municipal Prosecutor wrote: "Prior to any warrant being issued against you, Judge Ready... will review the Criminal Affidavit."

46. Resolution 07-01-25 establishes that the Municipal Prosecutor "reports to and is supervised by City Attorney Peter C. Abide."

5

**47.** Resolution 635-19 provides that Defendant's compensation is "subject to approval by the Director of the Legal Department."

**48.** The Director of the Legal Department is City Attorney Peter C. Abide.

**49.** Peter C. Abide is a named defendant in Plaintiff's federal Cases 1:25-cv-00178, -00233, and -00254.

**50.** Boyce Holleman represents Abide in those federal cases.

**51.** Boyce Holleman represents Defendant Ready in this proceeding.

**52.** At all times relevant to this action, Plaintiff held four active trade licenses issued by the State of Mississippi Board of Contractors: building contractor, electrical, mechanical, and plumbing. Each license was and remains in good standing.

**53.** The cease and desist order issued by Defendant threatened Plaintiff with arrest and incarceration if he entered or performed any work on real property that Plaintiff owns and that he is licensed by the State of Mississippi to improve. The order imposed these penalties without a hearing, without findings, and without identifying any statutory authority permitting a municipal court judge to issue such a directive.

All preceding paragraphs are incorporated by reference into each Count below.

## III. COUNT I: ULTRA VIRES

**54.** Plaintiff realleges and incorporates paragraphs 1 through 53 as if fully set forth herein.

**55.** A judge who acts in the "clear absence of all jurisdiction" forfeits judicial immunity. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). An act beyond statutory authority is void ab initio. *Norton v. Shelby County*, 118 U.S. 425 (1886).

**56.** Defendant committed five independent ultra vires acts, each sufficient alone to strip immunity: (a) issuing a cease and desist order — civil injunctive relief and an administrative remedy under Biloxi Code § 23-2-4 — from a criminal docket, though Mississippi Code § 21-23-7 confers no such authority on municipal courts (paragraphs 9-10); (b) imposing mandatory pre-trial diversion without the voluntary agreement, counsel, or District Attorney

6

participation required by the Pretrial Intervention Act, Miss. Code §§ 99-15-101 to -127 (paragraphs 11, 22-23); (c) maintaining property restrictions after dismissing all charges, though a court's jurisdiction terminates when its case terminates (paragraphs 43-44); (d) conceding her own court's incompetence by directing Plaintiff to "a Court of competent jurisdiction" while simultaneously exercising the jurisdiction she disclaimed (paragraph 44); and (e) imposing pretrial conditions untethered to either court appearance or public safety — the only two purposes Mississippi law permits under Mississippi Code § 21-23-8(a) and MRCrP 8.2(a) — by barring a licensed property owner from his own home under threat of incarceration (paragraphs 52-53).

57. Defendant must defeat all five grounds. Plaintiff need prove only one. Plaintiff suffered damages including deprivation of property use, lost development opportunity, and restriction of professional licensure.

## IV. COUNT II: ABUSE OF PROCESS

58. Plaintiff realleges and incorporates paragraphs 1 through 53 as if fully set forth herein.

59. Under Mississippi law, abuse of process requires an ulterior purpose and a willful act in the use of process not proper in the regular conduct of the proceeding. *Ayles ex rel. Allen v. Allen*, 907 So. 2d 300, 303 (Miss. 2005).

60. Defendant weaponized a criminal arraignment to extract civil relief no criminal court can lawfully grant. As alleged in paragraphs 9 and 11, Defendant issued a cease and desist order and mandatory diversion from a criminal docket. As alleged in paragraphs 12 through 21, Defendant's court withheld copies of the orders from Plaintiff and directed him to obtain court documents from his accuser, Jerry Creel. As alleged in paragraphs 31 and 32, Defendant permitted one side to testify while denying Plaintiff any opportunity to be heard.

61. Plaintiff suffered damages including ongoing property restrictions, lost development opportunity, and deprivation of the use and enjoyment of property he owns and is licensed to improve.

7

## V. COUNT III: PROCEDURAL DUE PROCESS

**62.** Plaintiff realleges and incorporates paragraphs 1 through 53 as if fully set forth herein.

**63.** The Fourteenth Amendment forbids any State to deprive any person of life, liberty, or property without due process of law. U.S. Const. amend. XIV, § 1. Due process requires, at minimum, notice and an opportunity to be heard at a meaningful time and in a meaningful manner. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976); *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965).

**64.** As alleged in paragraphs 24 through 32, Defendant did not arraign Plaintiff, did not advise him of his right to counsel, permitted the prosecution to testify and argue for the cease and desist order, and denied Plaintiff any opportunity to contest their testimony or present evidence. As alleged in paragraphs 39 through 42, Defendant granted discovery but produced nothing and refused to rule on motions to compel or to disqualify the prosecutor. Defendant stripped Plaintiff of liberty and property without notice, without hearing, and without process of any kind.

**65.** Plaintiff suffered damages as a direct result of these deprivations.

## VI. COUNT IV: SUBSTANTIVE DUE PROCESS

**66.** Plaintiff realleges and incorporates paragraphs 1 through 53 as if fully set forth herein.

**67.** The substantive component of the Due Process Clause bars government action that "shocks the conscience." *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998).

**68.** Defendant dismissed all charges yet maintained property restrictions indefinitely (paragraphs 43-44), barred a licensed property owner from his own home under threat of incarceration (paragraphs 52-53), and did so through proceedings that were themselves ultra vires as established in Count I. Plaintiff suffered damages.

## VII. COUNT V: STRUCTURAL BIAS

**69.** Plaintiff realleges and incorporates paragraphs 1 through 53 as if fully set forth herein.

8

**70.** The Due Process Clause prohibits a judge from presiding over proceedings in which she holds a substantial financial interest in the outcome. *Tumey v. Ohio*, 273 U.S. 510, 523 (1927). Structural arrangements that create an unconstitutional probability of bias violate the Fourteenth Amendment. *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 877 (2009). Financial dependency of twenty to twenty-five percent constitutes structural bias. *Caliste v. Cantrell*, 937 F.3d 525, 532 (5th Cir. 2019).

**71.** As alleged in paragraphs 47 through 49, Defendant derives one hundred percent of her judicial income from the City of Biloxi, each invoice subject to approval by Pete Abide — a named defendant in Plaintiff's federal civil rights cases. Defendant's financial dependency is four times the constitutional threshold established in *Caliste*. Plaintiff suffered damages.

## VIII. COUNT VI: FAILURE TO RECUSE

**72.** Plaintiff realleges and incorporates paragraphs 1 through 53 as if fully set forth herein.

**73.** A judge must disqualify herself in any proceeding in which her impartiality might reasonably be questioned. Mississippi Code of Judicial Conduct Canon 3E(1); *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988).

**74.** Defendant knew three independently disqualifying facts: her compensation was controlled by Abide (paragraph 47); Abide was a named defendant in Plaintiff's federal cases (paragraph 49); and she shared defense counsel — Boyce Holleman — with Abide (paragraphs 50-51). Any one triggered Canon 3E(1). Defendant disclosed nothing and recused from nothing. Plaintiff suffered damages.

## IX. COUNT VII: CIVIL CONSPIRACY

**75.** Plaintiff realleges and incorporates paragraphs 1 through 53 as if fully set forth herein.

**76.** A civil conspiracy requires an agreement — express or implied — between two or more persons to accomplish an unlawful purpose. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970). A judge who abandons her judicial role forfeits immunity. *Dennis v. Sparks*, 449

9

U.S. 24, 27 (1980).

77. The concerted actions of Defendant, Abide, Creel, and the Biloxi Police Department are established by the incorporated facts: shared defense counsel between judge and city attorney (paragraphs 50-51); retaliatory prosecution filed thirty-three days after Plaintiff's federal complaint (paragraphs 2-3); withholding of court orders and direction to obtain them from the accuser (paragraphs 12-21); tactical weapons deployed during service (paragraphs 34-35); and Defendant identified as a component of the City's enforcement apparatus in the prosecutor's letter (paragraph 45). Plaintiff suffered damages. *Gallagher Bassett Servs., Inc. v. Jeffcoat*, 887 So. 2d 777 (Miss. 2004).

## X. COUNT VIII: FRAUD UPON THE COURT

78. Plaintiff realleges and incorporates paragraphs 1 through 53 as if fully set forth herein.

79. As alleged in paragraphs 2 and 5, the case file contains a Standing Order to Seal dated February 7, 2022, yet the case was filed July 9, 2025. An order dated more than three years before the case existed cannot have been issued for that case.

80. As alleged in paragraphs 6 through 8, the original Standing Order to Seal belonged to a different proceeding and bore the signature of a judge who retired in June 2025. The document in CC-51719 is an edited reproduction transplanted from another case record. Defendant presided over proceedings tainted by this fabricated document.

81. Defendant, as the presiding judge, bore ultimate responsibility for the integrity of the case file. Plaintiff suffered damages.

## XI. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court **GRANT** the following relief:

(a) Declare that Defendant acted **without jurisdiction** on any or all independent grounds, including: (i) the Municipal Court's lack of subject-matter jurisdiction over building-code enforcement under Mississippi Code § 21-23-7; (ii) the issuance of an administrative

10

cease-and-desist order at a criminal arraignment; and (iii) the exercise of authority beyond the Municipal Court's statutory grant;

(b) Declare that Defendant forfeits judicial immunity for acts committed in clear absence of all jurisdiction under *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978);

(c) Declare that Defendant maintained an **unconstitutional financial conflict**;

(d) Declare all orders in CC-51719 **void ab initio**;

(e) Award **compensatory damages**;

(f) Order the **expungement** of all records related to Case No. CC-51719, including arrest records, booking records, and criminal history entries arising from the void proceedings;

(g) Award **punitive damages**; and

(h) Award costs and such other relief as just.

## XII. JURY DEMAND

Plaintiff demands trial by jury on all issues so triable under the Mississippi Constitution, Article 3, Section 31.

**Respectfully submitted** *this 2nd day of March, 2026.*

**YURI PETRINI**
*Plaintiff, Pro Se*
929 Division Street
Biloxi, MS 39530
Telephone: (305) 504-1323
Email: contact@peoplevsbiloxi.com
Email: yvpetrin@my.loyno.edu

/s/ Yuri Petrini

**CERTIFICATE OF SERVICE**
*I hereby certify that on this 2nd day of March, 2026, I served a true and correct copy of the foregoing First Amended Complaint, together with summons, upon Defendant through her counsel, Tim C. Holleman, by electronic mail at tim@boyceholleman.com, pursuant to Mississippi Rule of Civil Procedure 4(d)(1)(C). Counsel accepted service on behalf of Defendant Apryl Ready by email dated January 30, 2026.*

YURI PETRINI
Plaintiff, Pro Se

/s/ Yuri Petrini

11

**IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI**

FIRST JUDICIAL DISTRICT

**YURI PETRINI,**
Plaintiff,

v.

Civil Action No. A2401-2026-00028

**APRYL READY, INDIVIDUALLY,**
Defendant.

## SUMMONS

### THE STATE OF MISSISSIPPI

**TO: APRYL READY, INDIVIDUALLY**

Through her counsel: **Tim C. Holleman, Esq.**
Boyce Holleman & Associates
1720 23rd Avenue
Gulfport, Mississippi 39501

You have been made a Defendant in the suit filed in this Court by **Yuri Petrini,** Plaintiff, seeking Declaratory Relief, Compensatory Damages, and Punitive Damages arising from ultra vires judicial acts, abuse of process, denial of due process, structural bias, failure to recuse, civil conspiracy, and fraud upon the court, in violation of 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution.

**YOU ARE SUMMONED** to appear and defend against the First Amended Complaint filed against you in this action. You are required to serve a written response to the First Amended Complaint filed against you in this action upon the Plaintiff:

**Yuri Petrini**
929 Division Street
Biloxi, Mississippi 39530

**YOUR RESPONSE MUST BE SERVED NOT LATER THAN THIRTY (30) DAYS AFTER THE DATE OF SERVICE** of this Summons and First Amended Complaint upon you, exclusive of the day of service. Service upon you is made by electronic mail pursuant to Mississippi Rules of Civil Procedure Rule 4. Your response must be served not

later than thirty (30) days after the date you received the summons and First Amended Complaint.

A copy of your response must also be filed with the Clerk of this Court (address below) either before service on the Plaintiff or within five (5) days thereafter. Your response must be in proper form and have a proper signature pursuant to MRCP Rule 11.

Issued under my hand and the seal of said Court, at Gulfport, Mississippi, this the 2nd day of March, 2026.

By: _____, D.C

CIRCUIT CLERK
Harrison County Circuit Court
First Judicial District
P.O. Box 1461
Gulfport, Mississippi 39502

(SEAL)

# IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

# NOTICE TO THE DEFENDANT

### IMPORTANT: YOU HAVE BEEN SUED. THIS IS AN OFFICIAL DOCUMENT FROM THE COURT IN YOUR COUNTY THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY.

Rule 12 of the Mississippi Rules of Civil Procedure requires you to file with the Court a response to the First Amended Complaint filed against you and serve a copy of your response on the Plaintiff within **thirty (30) days** from the date of service.

### IF YOU DO NOT FILE A TIMELY RESPONSE, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER RELIEF DEMANDED IN THE FIRST AMENDED COMPLAINT.

You must also file the original of your response with the Clerk of this Court. A response is your written answer and/or legal motions and defenses to the claims in the First Amended Complaint.

If you fail to respond within the required time, a default judgment will be entered against you for the relief demanded in the First Amended Complaint. You may lose money or property or other rights important to you, including the right to defend against the claims made against you.

If you have been served outside the State of Mississippi, you must respond within thirty (30) days from the date of service.

**Plaintiff:** Yuri Petrini, 929 Division Street, Biloxi, MS 39530

**Defendant:** Apryl Ready, Individually, c/o Tim C. Holleman, Esq., 1720 23rd Avenue, Gulfport, MS 39501

**Clerk of Court:** Harrison County Circuit Clerk, P.O. Box 1461, Gulfport, MS 39502

**IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI**
FIRST JUDICIAL DISTRICT

## RETURN OF SERVICE

(Service by Electronic Mail)

I, the undersigned, being not less than eighteen (18) years of age and not a party to this action, do hereby certify as follows:

1.  On March 2, 2026, I served the Summons and a true copy of the First Amended Complaint in this action upon the Defendant, **Apryl Ready, Individually,** by transmitting copies thereof via electronic mail to Defendant's counsel of record:

>   **Tim C. Holleman, Esq.**
>   Boyce Holleman & Associates
>   1720 23rd Avenue, Gulfport, Mississippi 39501
>   Email: **tim@boyceholleman.com**

2.  Counsel accepted service on behalf of Defendant Apryl Ready by email dated January 30, 2026, and has appeared in this action on Defendant's behalf.

3.  I further certify that I am not a party to this action and that I am not less than eighteen (18) years of age.

_____

Signature of Person Serving Process

**Edwin Gallego**
Printed Name

**413 Woodys Circle, Ocean Springs, MS 39564**
Address

**(228) 238-9470**
Telephone Number

**March 2, 2026**
Date
